h:/ljg/231001107/removal.not
8/6/03//DEP/fah

**United States District Court**
**Southern District of Texas**
**FILED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

AUG 1 3 2003

**Michael N. Milby**
**Clerk of Court**

| | |
|---|---|
| FRANK CARRALES and SANDRA CARRALES | § § § |
| VS. | § § |
| ALLSTATE TEXAS LLOYD'S INSURANCE, TONY SILVA and GARY SELIGMAN | § § |

CASE NUMBER **B-03-144**

JURY

## DEFENDANTS, ALLSTATE TEXAS LLOYD'S COMPANY, TONY SILVA and GARY SELIGMAN'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendants, ALLSTATE TEXAS LLOYD'S TONY SILVA and GARY SELIGMAN ("Defendants") hereby remove to this Court the state court action described below, and files this Notice of Removal under 28 U.S.C. § 1446(a):

## BACKGROUND

1.    Plaintiffs are Frank Carrales and Sandra Carrales; Defendant is Allstate Texas Lloyd's Insurance.

2.    On January 2, 2003, an action was commenced in the 197th Judicial District Court, Cameron County, Texas entitled <u>Frank Carrales and Sandra Carrales v. Allstate Texas Lloyd Insurance, Tony Silva and Gary Seligman</u> as Cause Number 2003-01-295-C. Defendant was served on or about February 4, 2003. However, Defendant files this Notice of Removal within thirty-days of learning of Tony Silva's fraudulent joinder. Specifically, Plaintiffs confirmed fraudulent joinder at their depositions on July 31, 2003. Copies of the required state court documents are attached as Exhibit "A."

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to provisions of 28 U.S.C. §1441(a) in that it is a civil action wherein the amount in controversy exceeds the sum

of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between parties of different states.

4.    Defendants are informed and believe that Plaintiffs, Frank Carrales and Sandra Carrales, were at the time of filing this lawsuit, and still are, citizens of the State of Texas and reside in Cameron County, Texas. Defendant, Allstate Texas Lloyd's, was at the time of the filing of this action, and still is, considered a citizen of the State of Illinois as none of the members and/or underwriters of Allstate Texas Lloyd's reside in and/or are citizens of the State of Texas. Gary Seligman resides in and/or is a citizen of the State of Florida.

### STANDARD

#### Law applied to Facts

Plaintiffs' counsel filed a form petition which claims mold damages as a result of various unidentified water events. Consequently, Plaintiffs asserted numerous causes of action including unfair discrimination, negligence, gross negligence, breach of contract, deceptive trade practice violations, insurance code violations, breach of the duty of good faith and fair dealing, fraud, and negligent misrepresentation. The Petition appears to be a standard form petition purposely designed to defeat federal court jurisdiction.

It is noteworthy that the Petition makes a blanket to Defendants and *Defendants* throughout. Plaintiffs do not allege any specific facts to support a contention that they were damaged as a result of Silva and Seligman's actions. See Tex. Ins. Code Ann. Art. 2121 §16(a).

As evidence of Silva and Seligman's fraudulent joinder, please note the following:

➢ In an insurance context, the duty of good faith and fair dealing arises only when there is a contract giving rise to a "special relationship" *Natividad v. Alexis Inc.,* 875 S.W.2d 695, 698 (Tex. 1994).

2

➢ Plaintiffs have not offered any evidence that a "special relationship" existed between themselves and either Silva and/or Seligman.

➢ Plaintiffs have not offered any evidence that a contract existed between themselves and either Silva and/or Seligman.

➢ The allegations in Plaintiffs Petition make blanket references to the defendants collectively.

➢ Silva and/or Seligman only involvement was in the capacity of an insurance adjuster.

➢ Plaintiffs have not identified any particular misrepresentations by Messrs. Silva and/or Seligman which are causally connected to their alleged damages.

➢ In their recent depositions, Plaintiffs confirmed that they had no criticisms of either Mr. Silva or Mr. Seligman.

## TONY SILVA WAS FRAUDULENTLY JOINED

In an attempt to defeat diversity, Plaintiffs have joined adjuster Tony Silva as an individual Defendant. However, the presence of Silva as a Defendant is to be disregarded for removal purposes if the joinder was fraudulent. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (Fifth Cir. 1981). Whether a case has been properly removed despite the presence in a suit of a resident Defendant is determined by reference to the Plaintiffs' State Court pleadings. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (Fifth Cir. 1999); *Tedder v. FMC Corp.*, 590 F.2d 115, 116-17 (Fifth Cir. 1979). If there is no reasonable basis for predicting that state law might impose liability on the resident defendant under the facts alleged, then the claim is deemed fraudulent, and its presence will not prevent removal. *Tedder*, 590 F.2d at 117. The Court can consider affidavits and other evidentiary material in making such a prediction. *B., Inc.*, 663 F.2d at 549. The Court is obliged to resolve any contested issues of material fact and any ambiguity or uncertainty in the controlling state law in Plaintiffs' favor.

## BASIS FOR REMOVAL

5.      Removal is proper because there is complete diversity between the parties.  28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Plaintiffs are citizens of the State of Texas. Defendant is not a citizen of the State of Texas, nor is it incorporated under the laws of Texas or maintain a principal place of business within Texas. Gary Seligman is a residence of Florida. Accordingly, Defendant Allstate Texas Lloyd's is a citizen of Illinois.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), excluding interest, costs and attorneys fees.

6.      All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).  *See* Exhibit "A."

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending.

8.      Defendant will file promptly a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

## JURY DEMAND

9.      Plaintiffs did demand a jury in the state court action.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____

LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No.  08093450
DOUGLAS E. PENNEBAKER
Federal Bar No. 23238
State Bar No. 00788178

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this _____ day of August, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas  78523-3490

LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER



NO. 3476   P. 3/10

CAUSE NO. 2003-01-296-C

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JAN 2 2 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
___ DEPUTY

| | | |
|---|---|---|
| FRANK CARRALES AND | § | IN THE DISTRICT COURT OF |
| SANDRA CARRALES | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| INSURANCE,  TONY SILVA, | § | |
| and GARY SELIGMAN | § | |
| | § | |
| Defendants. | § | 197 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **FRANK CARRALES AND SANDRA CARRALES**, Plaintiffs herein, and file this their Original Petition against the above-named Defendants, and for cause of action would respectfully show the Court the following:

### I.

Pursuant to Rule 190, T.R.C.P., plaintiffs intend to conduct discovery under Level 3.

### II.

1.    Plaintiffs are residents of Cameron County, Texas.

2.    Defendant ALLSTATE TEXAS LLOYDS, is a Texas insurance corporation.  Service of process upon ALLSTATE TEXAS LLOYDS may be accomplished by serving C.T. Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

Claim # 8203040913

3.    Defendant, Tony Silva, is an individual duly authorized to do business on behalf of ALLSTATE TEXAS LLOYDS in Texas. Service of process may be accomplished by serving him at , 1322 E. Harrison St., Harlingen, Texas.

4.    Defendant, GARY SELIGMAN, is duly authorized to do business in Texas. Service of process upon may be accomplished by serving him at 1500 City West, Suite 800, Houston, Texas 77042.

### III.

Venue as to this petition is proper in Cameron County, in that all or part of Plaintiffs' causes of action accrued in such county and the property that is the subject of this suit is located in such county. This Honorable Court has jurisdiction of the case, and the Plaintiffs hereby invoke the unlimited monetary jurisdiction of this Court by filing the suit with the District Clerk according to state law and local rule.

### IV.

Suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Articles 21.21 and 21.55 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In the alternative, this suit is brought for breach of contract and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendant, in that they purchased insurance from said entities and/or service to be provided by them. Each Defendant is an individual, corporation, association, partnership, or other legal entity engaged in the business of insurance. Such Defendants constitute persons as that term is defined in Article 21.21, Section 2 of the Texas Insurance Code.

### V.

Defendant, ALLSTATE TEXAS LLOYDS. et al. , are Plaintiffs' homeowner's insurance company. Plaintiffs own and/or reside in a dwelling at 8359 Business 83, Harlingen, Cameron County, Texas. Defendants provided coverage to the Plaintiffs for such dwelling, personal property, and other



matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of water leaks and discharges, and damages resulting there from, including, but not limited to damage to the architectural finishes of the home. Plaintiffs promptly reported same to Defendants pursuant to the terms of the insurance policy.

## VI.

The Plaintiffs discovered water damage, and resulting damages therefrom to their home and property. As a result, Plaintiffs' home and property sustained damage to the areas of the home including, but not limited to, the cost of destruction and restoration of the home necessary to access, remediate, repair the leaks, and restore the house. These constituted covered damages under Plaintiffs homeowner s insurance policy with the Defendant.

## VII.

The Carrier Defendant and their agents visited and inspected Plaintiffs' property at 8359 Business 83, Harlingen, Cameron County, Texas, in connection with the Plaintiffs' claim of property damage. Carrier Defendant knew or should have known that Plaintiffs had already sustained significant damage to the property requiring significant repairs as a result of a loss and peril covered by the insurance policies. They were also made aware of the need to perform repairs to the different leaks, which would result in covered tearing out and restoration of portions of the property covered. The Carrier Defendant knew that a substantial covered loss was owed. Nonetheless, they denied, delayed, or failed to pay or properly investigate some or all of Plaintiffs' covered claims with no reasonable basis. They have failed to act promptly or to conduct a good faith investigation. This delay and/or denial is in bad faith and a violation of Articles 21.21 and 21.55 of the Texas Insurance Code. Therefore, Plaintiffs file this bad faith claim.

Claim # 8203040913

## VIII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendants failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations.

## IX.

Such denial, delay, refusal and/or failure to pay by the Carrier Defendant was in bad faith, and constitutes a breach of the covenant of good faith and fair dealing, which breach was a proximate cause of damages to the Plaintiffs more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claim for damage, and the Carrier Defendant and its agents named herein knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims.

The conduct of the Defendants was irresponsible, unconscionable, and they took advantage of the Plaintiffs' position to a grossly unfair degree. Furthermore, the conduct of the Defendants amount to one or more of the following:

    (1)    not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Art. 21.21, Section 4(10)(a)(ii);

    (2)    refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of 21.21, Section (4)(10)(a)(viii);

    (3)    failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988).

Claim# 820304091 13

(4)     committing a course of conduct that is unconscionable;

(5)     omitting any information or making any false implication or impression that was either misleading of deceptive or have the capacity to be misleading or deceptive in violation of 21.21, Section 4(11);

(6)     refusing to pay a claim without a reasonable basis in violation of common law;

(7)     delaying payment of a claim without a reasonable basis in violation of common law;

(8)     denying and/or delaying payment of a claim without determining whether there is any reasonable basis to do so in violation of common law;

(9)     representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(10)    representing that goods or services are of a particular standard , quality, grade, or that goods are of a particular style or model, if they are of another;

(11)    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(12)    failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(13)    violations of Art. 21.21 Tex. Ins. Code, including, but not limited to, Section 4, Subsections (11) and (10(a)(i), in that they misrepresented the terms of the policy; or

(14)    other violations of law.

Claim# 820304 0913

## X.

The conduct of Carrier Defendant and the conduct alleged against the other Defendants constitute violations of Article 21.21, et seq. of the Texas Insurance Code. Such violations include, but are not limited to, violations of the rules and regulations lawfully adopted by the State Board of Insurance under Article 21.21 of the Texas Insurance Code, including unfair methods of competition and/or unfair or deceptive acts or practices in the business of insurance. In addition, the actions of the Defendant violate Article 21.21, Section 4 of the Texas Insurance Code. They also violate the Texas Insurance Code, specifically Section 16, in that they constitute practices defined by Section 17.46 of the TEXAS BUSINESS AND COMMERCE CODE, as amended, as unlawful deceptive trade practices. As to the Defendants, such conduct also constitutes bad faith claims handling. All statutory causes of action, including those arising under Art. 21.55 of the Insurance Code are here asserted against all Defendants.

## XI.

As a result of all such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of the Carrier Defendant was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs, and others similarly situated. Such conduct of the Defendants was negligent. The conduct of one or more Defendants constituted misrepresentation of fact. The conduct of the Defendants proximately caused the injuries and damages to the Plaintiffs for which they herein sue. Plaintiffs seek all damages as allowed by law from the Defendants.

## XII.

Carrier Defendant has by its conduct breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs. In addition, Plaintiffs are entitled to recover attorney s fees in connection with their contractual causes of action. Defendants have made actionable fraudulent misrepresentations to Plaintiffs.

Claim #820304 0913

## XIII.

All of the conditions precedent to bringing this suit under the policy and to the Defendant s

liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred.

More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint

pursuant to the Texas Deceptive Trade Practices Act and/or Texas Insurance Code, Article 21.21, et seq.,

were sent to each of the Defendant, or compliance with said notice is excused. All notices and proofs of

loss were timely and properly given in such manner as to fully comply with the terms and conditions of

the relevant insurance policies and applicable law. In the alternative, Plaintiffs allege that as to any such

terms, conditions, notices, or requirements, the Defendant waived them, the Defendant are stopped from

asserting them, and/or the plaintiffs substantially complied with them. Plaintiffs make the same

allegations of waiver or stopped as to every defense or exclusion pleaded by the Defendant and as to each

claim for breach of contract or statutory violation as to each Defendant.

## IX.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial

and along with the filing of the Original Petition, tendered to the Clerk of the Court the statutory jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial of this matter, the

Court grant:

1. Judgment against the Defendant, and each of them;

2. Actual damages;

3. Attorney s fees;

4. Costs of suit;

5. Statutory penalties;

6. Prejudgment and post judgment interest as allowed by law;

7. Any additional damages and punitive damages under the facts set forth in this or any
   amended pleading; and,

8. Such other and further relief to which Plaintiffs may show themselves entitled.



Claim# 890304 0913

Respectfully submitted,

MARTINEZ , BARRERA Y MARTINEZ, L.L.P.

By: _____

Benigno (Trey) Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
Telephone:    (956) 546-7159
Facsimile:    (956) 544-0602

_____ w/ permission
Gilbert M. Piette           TM
State Bar No. 24007845
**PEREZ & ASSOCIATES**
436 Paredes Line Road
Brownsville, Texas 78523-3490
Telephone:    (956) 504-5403
Facsimile:    (956) 504-5991

*ATTORNEYS FOR PLAINTIFFS*

Claim # 890304 0913

Citation for Personal Service   - GENERAL -                     Lit. Seq. # 5.004.01

No. 2003-01-000295-C

**COPY**

# T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued thi citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may b taken against you.

TO: TONY SILVA
    1322 E. HARRISON ST.
    HARLINGEN, TEXAS

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on JANUARY 22, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-01-000295-C.

The style of the case is:

FRANK CARRALES AND SANDRA CARRALES
VS.
ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, GARY

Said petition was filed in said court by        HON. BENIGNO (TREY)
(Attorney for        PLAINTIFF        ), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX  78520                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of JANUARY , A.D. 2003.

AURORA DE LA GARZA        , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By                                         , Deputy

Claim# 8203040913

h:/ljg/231001107/answer
LJG/sjj

ILED __ TC __ U'ULUUK __ A ____ M
AURORA DE LA GARZA DIST. CLERK

FEB 1 9 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS

DEPUTY

CAUSE NO. 2003-01-295-C

| | | |
|---|---|---|
| FRANK CARRALES and SANDRA CARRALES | § § § | IN THE DISTRICT COURT |
| VS. | § § | 197TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, and GARY SELIGMAN | § § § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA and GARY SELIGMAN, and without waiving any of their defenses under the contract of insurance in question and still insisting upon any policy conditions, exclusions and other policy defenses that they may now have or may arise in the future, files this Original Answer to Plaintiffs' Original Petition, and would show the Court as follows:

I.

Defendants hereby exercise their right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

II.

Defendants generally deny the matters pled by Plaintiffs, as provided by Rule 92 of the Texas Rules of Civil Procedure, and ask that these matters be properly decided by this Honorable Court and Jury.

III.

Further answering, Defendants assert affirmatively that Plaintiffs have not complied with the terms and policies of the policy of insurance in question and have not complied with the conditions

precedent to bringing this suit pertaining to the policy of insurance mentioned in Plaintiffs' Original

Petition.

IV.

Without waiving the generality of the foregoing, by way of affirmative defenses, if such

be necessary, Defendants show the following:

     A.    Plaintiffs failed to mitigate damages in violation of the common law and the insurance policy.  Further, such conduct violated the insurance policy which requires Plaintiffs to:  (1) Protect the property from further damage; (2) Make reasonable and necessary repairs to protect the property; and (3) Keep an accurate record of repair expenses.

     B.    Defendants are not responsible for mold infestation or other damage which occurred prior to the policy period in question.    The policy "[a]pplies only to loss...which occurs during the policy period stated on the declarations page."

     C.    Defendants deny liability for all damages not covered by the policy. Additionally, under the doctrine of concurrent causation, Defendants are only liable for that portion of the loss caused by a covered peril.  The Plaintiffs have the burden of proof of segregating the damage between covered and non-covered perils.  In this regard, all or part of the loss may be due to excluded perils, including the following:

          1.    Wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself..

          2.    Rust, rot, mold or other fungi not due to accidental discharge, leakage or overflow of water from within a plumbing, heating or air conditioning system.

          3.    Loss resulting from surface water.

It is Defendants' position that some or all of the damages at issue were caused by the foregoing excluded perils.  To the extent that the damage was caused by a combination of the foregoing excluded perils and covered perils, including accidental discharge, leakage or overflow of water from within a plumbing, heating or air conditioning system, Plaintiffs have the burden of proof of segregating which portion of the damage is caused by the covered peril.

     D.    Defendants deny that the mold was a proximate cause of the personal injuries alleged by Plaintiffs.

2

E.     Defendants state that there is no coverage for personal injuries under the subject policy at issue in this case.

F.     Defendants are entitled to all credits and offsets allowed under the laws of the State of Texas, including but not limited to the payments made during the claims. Additionally, Defendants are entitled to a credit and/or offset for all payments made for additional living expenses, which have been paid to date.

G.     Defendants specially plead the limitation provision of § 41.001 et seq. of the Texas Civil Practice & Remedies Code setting a limitation on an award of punitive damages.

H.     Defendants relied upon information provided by third-parties in making coverage decisions in this case.

I.     Defendants deny violations of the D.T.P.A. and Texas Insurance Code and further denies knowing violations.  Absent knowing violations of the D.T.P.A. and Insurance Code, Plaintiffs are not entitled to mental anguish damages in this case.

J.     Plaintiffs are not entitled to punitive damages in this case under the standards enunciated by the Texas Supreme Court in Transportation Insurance Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994).

K.     Pursuant to the one satisfaction rule, regardless of the number of claims, Plaintiffs' recovery, if any, which is denied, is limited to the value of the residence.

WHEREFORE, PREMISES CONSIDERED, Defendants pray Judgment of the Court and for such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
     LARRY J. GOLDMAN
     State Bar No. 08093450
ATTORNEY FOR DEFENDANTS

3

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 12th day of February, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

LARRY J. GOLDMAN

4

## **VERIFICATION**

STATE OF TEXAS            §
                         §
COUNTY OF BEXAR          §

BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA and GARY SELIGMAN, Defendants in the above-entitled and numbered cause; that he has read the above Defendants' Original Answer; and that the allegations contained therein are within his personal knowledge and are true and correct.

_____
LARRY J. GOLDMAN, Affiant


SUBSCRIBED AND SWORN TO BEFORE ME, on this the 12th day of February, 2003, to certify which witness my hand and official seal.

Sandy J. Johnston
Notary Public, State of Texas
My Commission Expires
FEBRUARY 23, 2005

_____
NOTARY PUBLIC, STATE OF TEXAS


5

h:/ljg/231001107/jury demand
LJG/sjj

CAUSE NO. 2003-01-295-C

FEB 19 2003

AURORA DE LA GARZA DIST. CLERK

| | | |
|---|---|---|
| FRANK CARRALES and SANDRA CARRALES | § § § | IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS |
| | | DEPUTY |
| VS. | § § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, and GARY SELIGMAN | § § § § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA and GARY SELIGMAN, and respectfully request that this case be tried in front of a jury and herewith tenders the $30.00 jury fee.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
        LARRY J. GOLDMAN
        State Bar No. 08093450

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this _____ day of _____, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

_____
LARRY J. GOLDMAN

2

h:/ljg/231001107/abate.mot
2/17/03/DEP/fah

ILED ___ ___ ___
AURORA DE LA GARZA DIST. CLERK

FEB 2 5 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2003-01-295-C

| | | |
|---|---|---|
| FRANK CARRALES and SANDRA | § | IN THE DISTRICT COURT |
| CARRALES | § | |
| | § | |
| VS. | § | 197TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| INSURANCE, TONY SILVA, and | § | |
| GARY SELIGMAN | § | CAMERON COUNTY, TEXAS |

## DEFENDANTS ALLSTATE TEXAS LLOYDS, TONY SILVA AND GARY SELIGMAN'S PLEA IN ABATEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME ALLSTATE TEXAS LLOYDS, TONY SILVA AND GARY SELIGMAN, Defendants in the above-styled and numbered cause, and files this Plea in Abatement and as grounds would show the Court the following:

### I.

Defendant contends that the Plaintiffs' pleadings should be abated until they submit to an Examination Under Oath as required by the HO-B policy. The Plaintiffs have filed their lawsuit, alleging that Allstate breached the HO-B insurance policy. However, the policy clearly states that no suit or action can be brought against Allstate unless the policy provisions have been complied with. To date, the Plaintiffs have not submitted to an Examination Under Oath as required by the conditions precedent outlined in the policy.

### II.

Plaintiffs failed to give the pre-filing notice of this suit as required by law; therefore, this suit should be abated until such notice is given.

## III.

Specifically, Texas Business & Commerce Code, Section 17.505(a) as well as the Insurance Code, required Plaintiffs to give written notice, at least sixty days before this suit was filed, advising Defendants in reasonable detail of the Plaintiffs specific complaint(s) as well as the amount of damages and expenses, including attorneys' fees, if any, reasonably incurred by Plaintiffs in asserting the claim against Defendants.

## IV.

Plaintiffs failed to give any written notice to Defendants before this suit was filed.

## V.

Because of Plaintiffs' failure to comply with the statutory notice requirements, Defendants have been deprived of any meaningful opportunities to resolve this matter prior to the filing of the lawsuit.

WHEREFORE, PREMISES CONSIDERED, Defendants request that this suit be abated until such time as proper notice has been given to Defendant pursuant to the Texas Deceptive Trade Practices Act as well as the Insurance Code, and until after Plaintiffs' have submitted to an examination under oath. Defendants request such other relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
        LARRY J. GOLDMAN
        State Bar No. 08093450
        DOUGLAS E. PENNEBAKER
        State Bar No. 00788178
        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this _16_ day of _Feb_____, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

_____
LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

3

## **VERIFICATION**

STATE OF TEXAS       §
                             §

COUNTY OF BEXAR     §

      BEFORE ME, the undersigned Notary Public, on this day personally appeared DOUGLAS E. PENNEBAKER, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA and GARY SELIGMAN, Defendants in the above-entitled and numbered cause; that he has read the above Defendants' Plea in Abatement; and that the allegations contained therein are within his personal knowledge and are true and correct.

                                    _____

                                    DOUGLAS E. PENNEBAKER, Affiant

    SUBSCRIBED AND SWORN TO BEFORE ME, on this the _18_ day of _Feb_____, 2003, to certify which witness my hand and official seal.

FRANCES A. HAMILTON
Notary Public, State of Texas
My Commission Expires
FEBRUARY 5, 2006

NOTARY PUBLIC, STATE OF TEXAS

4

h:/ljg/231001107/counsel of record
8/11/03/DEP/fah

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANK CARRALES and SANDRA<br>CARRALES | §<br>§<br>§ | **B-03-144** |
| VS. | § | CASE NUMBER _____ |
| | § | JURY |
| ALLSTATE TEXAS LLOYD'S INSURANCE,<br>TONY SILVA and GARY SELIGMAN | §<br>§ | |

<u>**COUNSEL OF RECORD**</u>

**PARTY**
Plaintiffs:
Frank Carrales and Sandra Carrales

**ATTORNEY**
Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520
Telephone: (956) 546-7159
Telecopier: (956) 544-0602

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490
Telephone: (956) 504-5403
Telecopier: (956) 504-5991

Defendants
Allstate Texas Lloyd's Company
Tony Silva and Gary Seligman

Larry J. Goldman
"Attorney in Charge"
Douglas E. Pennebaker
Adami Goldman & Shuffield
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone:    (210) 344-0500
Telecopier:    (210) 344-7228

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By: _____
     LARRY J. GOLDMAN
     "Attorney in Charge"
     Federal Bar No. 341
     State Bar No. 08093450
     DOUGLAS E. PENNEBAKER
     Federal Bar No. 23238
     State Bar No. 00788178

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this _12_ day of August, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

_____
LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

2

h:/ljg/231001107/index
8/11/03

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK CARRALES and SANDRA        §
CARRALES                         §
                                 §
                                 §   CASE NUMBER  **B-03-144**
VS.                              §                      _____
                                 §                         JURY
ALLSTATE TEXAS LLOYD'S INSURANCE,§
TONY SILVA and GARY SELIGMAN     §

## INDEX OF MATTERS BEING FILED

1.    Index of Matters Being Filed

2.    Civil Cover Sheet – JS 44

3.    Supplement to JS 44 Civil Cover Sheet

4.    Notice of Removal of Action Under 28 U.S.C. §1441(a)

      Exhibit A
          • State Court Civil Docket Sheet;
          • Plaintiffs' Original Petition;
          • Executed Service of Process
          • Defendants' Original Answer;
          • Defendants' Jury Demand;
          • Defendants' Plea in Abatement.

5.    List of All Counsel of Record

6.    Notice of Related Litigation and Affected Non-Parties

7.    Certificate of Service of Notice to Adverse Party of Removal to Federal Court

8.    Designation of Attorney in Charge

9.    Notice of Entities Financially Interested in Litigation

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
    LARRY J. GOLDMAN
    "Attorney in Charge"
    Federal Bar No. 341
    State Bar No. 08093450
    DOUGLAS E. PENNEBAKER
    Federal Bar No. 23238
    State Bar No. 00788178

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this _____ day of August, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

_____
LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

2

h:/ljg/231001107/notice.state
8/11/03/DEP/fah

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK CARRALES and SANDRA     §
CARRALES     §
    §                            **B-03-144**
VS.     §     CASE NUMBER_____
    §                               JURY
ALLSTATE TEXAS LLOYD'S INSURANCE,§
TONY SILVA and GARY SELIGMAN     §

CAUSE NO. 2003-01-295-C

FRANK CARRALES and SANDRA     §     IN THE DISTRICT COURT
CARRALES     §
    §
VS.     §     197TH JUDICIAL DISTRICT
    §
ALLSTATE TEXAS LLOYDS     §
INSURANCE, TONY SILVA, and     §
GARY SELIGMAN     §     CAMERON COUNTY, TEXAS

## DEFENDANTS' NOTICE TO ADVERSE PARTY OF
## REMOVAL TO FEDERAL COURT

TO:     The Honorable Clerk of the Court
    Cameron County District Clerk
    974 East Harrison Street
    Brownsville, Texas 78520
    and Plaintiffs, FRANK CARRALES and SANDRA CARRALES
    and their attorneys of record,
    Mr. Benigno (Trey) Martinez
    MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
    1201 E. Van Buren
    Brownsville, Texas 78520

    Mr. Gilbert M. Piette
    PEREZ & ASSOCIATES
    436 Paredes Line Road
    Brownsville, Texas 78523-3490

PLEASE TAKE NOTICE THAT a notice of removal of this action is being filed in the United States District Court for the Southern District of Texas, Brownsville Division.

A copy of the said Notice of Removal is attached to this Notice and is served and filed herewith.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
      LARRY J. GOLDMAN
      "Attorney in Charge"
      Federal Bar No. 341
      State Bar No.  08093450
      DOUGLAS E. PENNEBAKER
      Federal Bar No. 23238
      State Bar No. 00788178

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this ____ day of August, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas  78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas  78523-3490


LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

3