7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

AUG 2 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FRANK CARRALES, AND | § | |
| SANDRA CARRALES | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CAUSE NO.: B-03-CV-144 |
| | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| INSURANCE, TONY SILVA AND | § | |
| GARY SELIGMAN | § | |
| | | |
| Defendants. | | |

---

**PLAINTIFFS' MOTION TO REMAND, REQUEST FOR REIMBURSEMENT OF**
**ATTORNEY FEES, COST, EXPENSES, SANCTIONS, AND SUPPORTING BRIEF**

---

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

COMES NOW, Plaintiffs, Frank andSandra Carrales, herein ("Plaintiffs"), and files this
Motion to Remand and Brief in Support thereof under 28 U.S.C. §§ 1446, 1447(c) and 1447 (e).
In support of their Motion to Remand, Plaintiffs respectfully show unto the Court the following:

### INTRODUCTION

1.  Plaintiffs are citizens of the state of Texas. Defendants are currently Allstate Insurance
Company ("Allstate"), Tony Silva, and Gary Seligman. Allstate claims to be a citizen of the state
of Illinois. However, its corporation and places of business are located in Texas; Allstate has been
duly formed and authorized to conduct the business of insurance by the Texas Department of
Insurance and the Texas Commissioner of Insurance, pursuant to Articles 2 and 18 of the Texas
Insurance Code; and Allstate is licensed to sell insurance in Texas. Gary Seligman and Tony Silva
are also citizens of the State of Texas currently and at the filing of this cause of action.

2.    On January 22, 2003, Plaintiffs filed an action in the 197th Judicial District Court, Cameron County, Texas, styled Frank Carrales, et al. v. Allstate, et al., under Cause No. 20003-01-295-C (the "Lawsuit"). Plaintiffs' lawsuit against Defendant Allstate, Tony Silva and Gary Seligman alleged: (1) violations of the common-law duties of good faith and fair dealing; (2) violations of Articles 21.21 and 21. 55 of Texas Insurance Code; (3) violations of the Texas Deceptive Trade Practices Act; and (4) breach of contract, arising from the result of Defendants inadequate or wrongful denial of their insurance claim for water damage and resulting mold to their home.

3.    On August 13, 2003, approximately 8 months after this action commenced, Defendants removed the lawsuit to federal court pursuant to 28 U.S.C. § 1446 (a). Defendant alleges that this Court has original jurisdiction of the Plaintiffs' lawsuit under 28 U.S.C. § 1332 (a), as it is a civil action wherein the amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000), and is between parties of who are citizens different states. Defendants sent this notice of removal to Plaintiffs and to the Court via overnight mail.

## ARGUMENT
### (Diversity and Fraudulent Joinder)

4.    It is well-settled that there must be complete diversity between all Plaintiffs and all Defendants in a suit in order for subject-matter jurisdiction to lie under the diversity statute of the federal courts; no plaintiff can be a citizen of the same state as any defendant. *Owens Equip. & Erection Co. v. Kroger*, 437 U.S. 364, 373-74 (1978); *In re Rodriguez*, 79 F.3d 467, 473 (5th Cir. 1996) (if the plaintiff and even one properly joined defendant are residents of the same state, the federal court has no taking jurisdiction); *Jernigan v. Ashland Oil, Inc.*, 989 F.2nd 812, 815 (5th Cir. 1993); *Brown v. Mine Safety Appliance Co.*, 753 F.2nd 393, 394 95th Cir. 1985). Moreover, for diversity purposes, a corporation is a citizen of both the state in which it was incorporated and the

claims filed upon them based upon similar operative facts and issues involved in the lawsuit. Tony Silva is the Plaintiffs' agent and may be sued under Art. 21.21 as he sold the Plaintiffs their insurance policy and was at all times engaged in the business of insurance. He violated special fiduciary duties owed to the Plaintiffs and are actionable under the Insurance Code and under common law and as set out in Plaintiffs' petition.

8.   Gary Seligman, among other Defendants who may be added after discovery is completed, at all relevant times was either a member, employee, or agent of Allstate residing and working on behalf of Allstate in the State of Texas as an independent adjuster hired by Allstate and may also be sued for the untimely investigation and improper handling of the Plaintiffs' claims on behalf of Allstate under Art. 21.21 and in their indivdual capacity engaged in th business of insurance. Moreover, Defendants have submitted no proof via an affidavit that Gary Seligman is a permanent resident of the state of Florida.

9.   Thus, even though Plaintiffs have alleged valid claims against all the Defendants, the Defendants seeking removal have not carried their burden of proving the Plaintiffs have absolutely no recovery against a non-diverse Defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *see Chicago, R.I. & Pac. Ry. v. Whiteaker*, 239 U.S. 421, 424-425 (1915).

10.   In order to determine if a case were truly removable, it is this Court's duty to look to the state of the record in the state court action and examine the record as it existed on the date of removal. 28 U.S.C. Section 1441 (a,c); *Diaz v. Swiss Chalet*, 525 F. Supp. 247 (D. Puerto Rico 1981), citing *Pullman Co. V. Jenkins*, 305 U.S. 534, 59 S. Ct. 347, 83 L.Ed. 334 (1939); *Villarreal v. Brown Express, Inc.*, 529 F. 2d 1219 (5th Cir. 1976).   Further, the burden is always on the removing party, the defendant, to establish that the removal was proper. *Id.* In the instant case, it is clear that Plaintiffs had filed a petition with at least one non-diverse whose principal place of employment and residence on behalf of Allstate was in the the State of Texas.

11. It is clear that at least one of the Defendants, if not all are residents of the state of Texas and the Plaintiffs have viable causes of action over all the Defendants, this court lacks jurisdiction over the Plaintiffs' lawsuit. Therefore, 28 U.S.C. § 1477, compels the Court to remand the lawsuit to state court.

### (Timeliness)

12. Section 1446(b) of Title 28, United States Code, governs the timeliness of removal notices. The provision is subdivided into two paragraphs, which provide that:

[1] The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading set forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is greater.

[2] If the cases stated by the initial pleadings is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after the commencement of the action.

28 U.S.C. §1446(b).

13. Defendants Allstate and Seligman received their initial notices on January 28, 2003. See Exhibit A. Defendant Tony Silva received his initial notice on February 5, 2003. See Exhibit B. All Defendants filed their answer on February 19, 2003. See Exhibit C. Defendants filed their Notice of Removal August 13, 2003, *over 6 months after each Defendant has received notice*, based upon diversity and fraudulent joinder. See Exhibit D.

14. Even accepting Defendant Seligman's argument that he is a diverse party, he obviously knew he was diverse at the inception of this lawsuit, therefore he should have tried to remove it on or before February 28, 2003, at the latest. Judge Andrew Hanen in a similar lawsuit involving the same allegations with Gary Seligman set out by the same Defense lawyers provides

an astute analysis of 28 U.S.C. §1446, in which he clearly states that the fraudulent joinder issue

could not even be reached as the "second paragraph expressly limits itself to those cases in which

the initial pleading does not state a removable cause." Order signed on June 26, 2003. Andrew

state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Indiana Hi-Rail Corp.*

*v. Decatur Junction Ry.*, 37 F.3d 363, 365 n. 3( 7th Cir. 1994). Thus, if the Plaintiff is from Texas,

such as in the instant case, to remove a case on grounds of diversity jurisdiction, a corporate

defendant must assert both its state of incorporation and its principal place of business are

somewhere other than Texas. *See Jones v. Petty -Ray Geophysical, Geosource, Inc.*, 954 F.2d 1064

(5th Cir. 1992).

    5.    In the instant case at least one if not all Defendants are citizens of the State of Texas.

As stated earlier, Allstate has been duly formed and authorized to conduct the business of insurance

by the Texas Department of Insurance and the Texas Commissioner of Insurance, pursuant to

Articles 2 and 18 of the Texas Insurance Code; and Allstate is licensed to sell insurance in Texas.

Gary Seligman has sent numerous letters to different insureds from the place where he resides,

works, and was served, Houston, Texas. See Exhibit A. There is no dispute by either party that Tony

Silva is a citizen of Texas who has his place of business and residence in Harlingen, Texas.

    6.    Plaintiffs  have independent causes of action for negligence, violations of Articles 21. 21

and 21.55 of the Texas Insurance Code,  violations of the Texas Deceptive Trade Practices Act, and

breach of the common-law duties of good faith and fair dealing against these  Defendants.  The

"persons" who may be sued under Article 21.21 include "any individual, corporation, association,

partnership, reciprocal exchange, inter-insurer....or any other legal entity engaged in the business of

insurance, including agents, brokers, adjusters, or life insurance counselor who commits an unfair

practice." **Tex. Ins. Code Art. 21.21 §2(a)**.   Moreover, insurance company employees whose job

duties call for them to engage in the business of insurance are subject to suit under Article 21.21,

## CONCLUSION

17.    Based upon well-established law, the Plaintiffs' petition set out to include viable causes of action against non-diverse Defendants under the insurance code.    Thus, there is no fraudulent joinder of any party in this cause of action, especially Tony Silva.

18.    The state of the record on the date of removal clearly showed that non-diverse defendants were being sued in this case.  Diversity of citizenship among all of the parties to the lawsuit does not exist, as the Plaintiffs and at least one Defendant, if not all Defendants, are citizens of the state of Texas.

19.    Moreover, Defendants failed to file their removal within the prescribed period of time as set out by law.  28 U.S.C. § 1446 (b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final hearing thereof, this Court grant their Motion and remand the lawsuit to State Court, and grant such other and further relief, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

**MARTINEZ, BARRERA Y MARTINEZ, L.L.P.**
1201 E. Van Buren
Brownsville, Texas  78520
Ph. (956) 546-7159
Fax (956) 544-0602

Benigno (Trey) Martinez
State Bar No. 00797011
Federal Bar. No. 23945

**ATTORNEY FOR PLAINTIFFS**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

FRANK CARRALES, AND                       §
SANDRA CARRALES                           §
                                          §
        Plaintiffs,                       §
VS.                                       §         CAUSE NO.: B-03-CV-144
                                          §
                                          §
ALLSTATE TEXAS LLOYDS                     §
INSURANCE, TONY SILVA AND                 §
GARY SELIGMAN                             §

        Defendants.

## AFFIDAVIT OF BENIGNO (TREY) MARTINEZ

STATE OF TEXAS          §
                        §
COUNTY OF CAMERON       §


        BEFORE ME, the undersigned authority, personally appeared Trey Martinez, who, being by

me duly sworn, deposed as follows:

        My name is Trey Martinez. I am over eighteen (18) years of age, have never been convicted

of a felony, and am fully competent to make this Affidavit. I have personal knowledge of the facts

stated in this Affidavit, unless stated to the contrary, and those facts are true and correct.

1.      I am the attorney of record for Plaintiffs and therefore have personal knowledge of
        the facts stated in this Motion.

2.      I have read the foregoing Motion for Remand, and the information contained in
        therein is true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

_____
Benigno (Trey) Martinez

SUBSCRIBED AND SWORN TO BEFORE ME on this the _20th_ day of January,
2003.



_____
Notary Public, State of Texas
County of Cameron

SAN JUANITA LOPEZ
Notary Public, State of Texas
My Commission Expires
January 14, 2006

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FRANK CARRALES, AND | § | |
| SANDRA CARRALES | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CAUSE NO.: B-03-CV-144 |
| | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| INSURANCE, TONY SILVA AND | § | |
| GARY SELIGMAN | § | |
| | | |
| Defendants. | | |

## ORDER ON PLAINTIFFS' MOTION TO REMAND

On this the _____ day of _____, 2003, came on to be heard Plaintiff's Motion to Remand in the above-named action to the 197th Judicial District Court of Cameron County, Texas, and it appears to the Court that this Motion should be GRANTED.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Remand in the above entitled and numbered cause, is hereby GRANTED, and that this matter be REMANDED back to the 197th Judicial District Court of Cameron County, Texas in Cause No.2003-01-295-C.

IT IS FURTHER ORDERED that Plaintiffs attorney fees, costs, expenses be reimbursed by Defendants in pursuing this remand.

SIGNED this _____ day of _____, 2003.


_____
JUDGE PRESIDING

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.003.01

No. 2003-01-000295-C

T H E   S T A T E   O F   T E X A S



NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued thi citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may b taken against you.

> FILED ___1:40___ O'CLOCK ___M
> AURORA DE LA GARZA DIST. CLERK
> FEB 0 3 2003
> DISTRICT COURT OF CAMERON COUNTY, TEXAS
> _____DEPUTY

TO: ALLSTATE TEXAS LLOYDS INSURANCE
    C.T. CORPORATION SYSTEMS
    350 N. ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of sai county in Brownsville, Texas.  Said _____PETITION_____ was filed on JANUARY 22, 2003.  A copy of same accompanies this citation.

The file number of said suit being No. 2003-01-000295-C.

The style of the case is:

FRANK CARRALES AND SANDRA CARRALES
VS.
ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, GARY

Said petition was filed in said court by _____HON. BENIGNO (TREY)_____ (Attorney for _____PLAINTIFF_____), whose address is 1201 E. VAN BUREN STREET BROWNSVILLE TX  78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of JANUARY, A.D. 2003.

AURORA DE LA GARZA    DISTRICT CLERK

## IDAVIT OF SERVICE

COUNTY: CAMERON               CASE # 200301295GC              COURT 197

                                                      Clt. Ref.#

   Clt.# : 7172

FRANK CARRALES AND SANDRA CARRALES

VS

ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA AND GARY SELIGMAN

The documents came to hand for service on 01/28/03  Time: 11:00:22

Documents received for service:

**CITATION & ORIGINAL PETITION**

The documents were delivered on **01/28/03  Time: 15:00:00**

Executed at: 350 N. St. Paul St., Ste. 2900
             Dallas,, TX 75201
to the following: **Allstate Texas Lloyds Insurance**
                  **By Delviering To Its Registered Agent, CT Corporation System**
                  **Accepted By Bea Casarez**

_____ PERSONALLY delivering the document(s) to the person above.
_____ SUBSTITUTE SERVICE per Order by delivering to _____in person
       who is sixteen (16) years of age or older, at the above listed address which is the
       usual place of abode/business of the above named person.
_____ POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, James Prince_____         ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit.  I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE.  I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdicition, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____                     James Prince
                                           Professional Civil Process Dallas, Inc.
Witness Fee Tendered:_____               1301 Main Street, Suite 202
                                           Dallas, Texas 75202
STATE OF TEXAS}
                           VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this ___ day of ____ 200_.

PCP Inv. #D0103 541



DEE ROBERTS
Notary Public, State of Texas
My Commission Expires 09-27-03

NOTARY PUBLIC FOR THE STATE OF TEXAS

## AFFIDAVIT OF SERVICE



COUNTY: CAMERON                    CASE # 200301295G              COURT 197
                                                   Clt. Ref.#              Clt.#  10578
FRANK CARRALES AND SANDRA CARRALES

vs

ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA AND GARY SELIGMAN


The documents came to hand for service on 01/27/03   Time: 15:56:53

Documents received for service:

**CITATION PLAINTIFF'S ORIGINAL PETITION**

> Martinez & Barrera
>
> FEB 0 7 2003
>
> **RECEIVED**

The documents were delivered on 01/28/03   **Time: 09:55:00**

Executed at: 1500 City West, Suite #800
             Houston,, TX 77042
to the following: **Seligman, Gary**


___X___   PERSONALLY delivering the document(s) to the person above.
_____   SUBSTITUTE SERVICE per Order by delivering to _____in person
          who is sixteen (16) years of age or older, at the above listed address which is the
          usual place of abode/business of the above named person.
_____   POSTING per Order by securely affixing to the main entry way at the above address.

### AFFIDAVIT

I, Byron M Kessler_____ ,am over the age of eighteen, and am neither a
party to nor interested in the outcome of the above suit. I HAVE PERSONAL KNOWLEDGE OF THE
FACTS SET FORTH ABOVE. I have never been convicted of a felony or misdemeanor involving
moral turpitude in any state OR federal jurisdiction, and I have studied and am familiar
with TEXAS RULES OF CIVIL PROCEDURE, VERNON'S TEXAS STATUTES, CIVIL PRACTICE AND REMEDIES
CODE and all other applicable rules and statutes relating to service of citation and/or
notices I am authorized by written order of the court to serve citations and other notices.

Service Fee:_____

Witness Fee Tendered:_____

STATE OF TEXAS}

Byron M Kessler
Professional Civil Process Houston
4635 Southwest Frwy, #750
Houston, Texas 77027

### VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn stated that he has personal knowledge of the facts set
forth in the foregoing affidavit and declared that the facts therein contained are true
and correct. Given my hand and seal of office this _____ day of _____ , 200___ .

PCP Inv. #H01031126

FILED _____ O'CLOCK ___
AURORA DE LA GARZA DIST. CLERK

FEB 0 5 2003

DISTRICT COURT OF CAMERON TEXAS
DEPUTY

NOTARY PUBLIC FOR THE STATE OF TEXAS

A S CEDILLO
NOTARY PUBLIC
State of Texas
Comm. Exp. 05-05-2003

itation for Personal Service - NON-RESIDENT NOTICE     ᵤit. Seq. # 5.005.01

No. 2003-01-000295-C                  **COP** `᷄`

T H E   S T A T E   O F   T E X A S ᴼRIGINAL᛫

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  Iᵢ
ᴐu or your attorney do not file a written answer with the clerk who issued thi
itation by 10:00 a.m. on the Monday next following the expiration of twenty
ᴀys after you were served this citation and petition, a default judgment may ᵇ
aken against you.

ᴐ: GARY SELIGMAN
   1500 CITY WEST, STE. 800
   HOUSTON, TEXAS 77042


ᴉe _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

ᴸAINTIFFS' ORIGINAL PETITION


ᴄ or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
ᴀys after the date of service of this citation before the Honorable District
ᴐurt 197th Judicial District of Cameron County, Texas at the Courthouse of saᵢ
ᴏunty in Brownsville, Texas.  Said _____PETITION_____ was filed on
JANUARY 22, 2003 .  A copy of same accompanies this citation.

ᴉe file number of said suit being No. 2003-01-000295-C.

ᴉe style of the case is:

FRANK CARRALES AND SANDRA CARRALES
VS.
ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, GARY

ᴀid petition was filed in said court by _____HON. BENIGNO (TREY)
ᴬttorney for _____PLAINTIFF_____), whose address is
ᴈ01 E. VAN BUREN STREET BROWNSVILLE TX  78520

The nature of the demand is fully shown by a true and correct copy of the
ᴇtition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according tᴐ
ᴇquirements of law, and the mandates thereof, and make due return as the law
ᴉrects.

Issued and given under my hand and seal of said Court at Brownsville,
ᴇxas, this the 23rd day of JANUARY , A.D. 2003 .

_____AURORA DE LA GARZA_____, DISTRICT CLERᴷ

Citation for Personal Service __ - GENERAL __       Lit. Seq. # 5.004.01

No. 2003-01-000295-C

THE    STATE    OF    TEXAS

   NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**Martinez & Barrera**

TO: TONY SILVA
    1322 E. HARRISON ST.
    HARLINGEN, TEXAS

FEB 0 7 2003

RECEIVED

the _____ DEFENDANT _____ , GREETING:

   You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on JANUARY 22, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-01-000295-C.

The style of the case is:

FRANK CARRALES AND SANDRA CARRALES
VS.
ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, GARY

Said petition was filed in said court by _____ HON. BENIGNO (TREY) (Attorney for _____ PLAINTIFF _____ ), whose address is 1201 E. VAN BUREN STREET BROWNSVILLE TX  78520

   The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

   The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

   Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of  JANUARY , A.D. 2003.

DISTRICT COURT    DE LA GARZA        DISTRICT CLERK

h:/ljg/231001107/answer
LJG/sjj

CAUSE NO. 2003-01-295-C

ILED ___ ___ U CLUCR ___ M
AURORA DE LA GARZA DIST. CLERK

FEB 19 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

| | | |
|---|---|---|
| FRANK CARRALES and SANDRA CARRALES | § § § | IN THE DISTRICT COURT |
| VS. | § § | 197TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, and GARY SELIGMAN | § § § § | CAMERON COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA and GARY SELIGMAN, and without waiving any of their defenses under the contract of insurance in question and still insisting upon any policy conditions, exclusions and other policy defenses that they may now have or may arise in the future, files this Original Answer to Plaintiffs' Original Petition, and would show the Court as follows:

I.

Defendants hereby exercise their right to require Plaintiffs to prove their allegations by a preponderance of the credible evidence.

II.

Defendants generally deny the matters pled by Plaintiffs, as provided by Rule 92 of the Texas Rules of Civil Procedure, and ask that these matters be properly decided by this Honorable Court and Jury.

III.

Further answering, Defendants assert affirmatively that Plaintiffs have not complied with the terms and policies of the policy of insurance in question and have not complied with the conditions



2/10

precedent to bringing this suit pertaining to the policy of insurance mentioned in Plaintiffs' Original Petition.

## IV.

Without waiving the generality of the foregoing, by way of affirmative defenses, if such be necessary, Defendants show the following:

A.    Plaintiffs failed to mitigate damages in violation of the common law and the insurance policy.  Further, such conduct violated the insurance policy which requires Plaintiffs to:  (1) Protect the property from further damage; (2) Make reasonable and necessary repairs to protect the property; and (3) Keep an accurate record of repair expenses.

B.    Defendants are not responsible for mold infestation or other damage which occurred prior to the policy period in question.    The policy "[a]pplies only to loss…which occurs during the policy period stated on the declarations page."

C.    Defendants deny liability for all damages not covered by the policy. Additionally, under the doctrine of concurrent causation, Defendants are only liable for that portion of the loss caused by a covered peril.  The Plaintiffs have the burden of proof of segregating the damage between covered and non-covered perils.  In this regard, all or part of the loss may be due to excluded perils, including the following:

1.    Wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself..

2.    Rust, rot, mold or other fungi not due to accidental discharge, leakage or overflow of water from within a plumbing, heating or air conditioning system.

3.    Loss resulting from surface water.

It is Defendants' position that some or all of the damages at issue were caused by the foregoing excluded perils.  To the extent that the damage was caused by a combination of the foregoing excluded perils and covered perils, including accidental discharge, leakage or overflow of water from within a plumbing, heating or air conditioning system, Plaintiffs have the burden of proof of segregating which portion of the damage is caused by the covered peril.

D.    Defendants deny that the mold was a proximate cause of the personal injuries alleged by Plaintiffs.

E.    Defendants state that there is no coverage for personal injuries under the subject policy at issue in this case.

F.    Defendants are entitled to all credits and offsets allowed under the laws of the State of Texas, including but not limited to the payments made during the claims. Additionally, Defendants are entitled to a credit and/or offset for all payments made for additional living expenses, which have been paid to date.

G.    Defendants specially plead the limitation provision of § 41.001 et seq. of the Texas Civil Practice & Remedies Code setting a limitation on an award of punitive damages.

H.    Defendants relied upon information provided by third-parties in making coverage decisions in this case.

I.    Defendants deny violations of the D.T.P.A. and Texas Insurance Code and further denies knowing violations.  Absent knowing violations of the D.T.P.A. and Insurance Code, Plaintiffs are not entitled to mental anguish damages in this case.

J.    Plaintiffs are not entitled to punitive damages in this case under the standards enunciated by the Texas Supreme Court in Transportation Insurance Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994).

K.    Pursuant to the one satisfaction rule, regardless of the number of claims, Plaintiffs' recovery, if any, which is denied, is limited to the value of the residence.

WHEREFORE, PREMISES CONSIDERED, Defendants pray Judgment of the Court and for such other and further relief, both general and special, at law and in equity, to which they may be justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
State Bar No. 08093450
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this 12th day of February, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

_____
LARRY J. GOLDMAN

## VERIFICATION

STATE OF TEXAS            §
                         §
COUNTY OF BEXAR           §

BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA and GARY SELIGMAN, Defendants in the above-entitled and numbered cause; that he has read the above Defendants' Original Answer; and that the allegations contained therein are within his personal knowledge and are true and correct.

_____

LARRY J. GOLDMAN, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 12th day of February, 2003, to certify which witness my hand and official seal.

Sandy J. Johnston
Notary Public, State of Texas
My Commission Expires
FEBRUARY 23, 2005

_____
NOTARY PUBLIC, STATE OF TEXAS

5

h:/ljg/231001107/jury demand
LJG/sjj

FILED
AURORA DE LA GARZA DIST. CLERK

FEB 1 9 2003

CAUSE NO. 2003-01-295-C

| | | |
|---|---|---|
| FRANK CARRALES and SANDRA CARRALES | § § § | IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS DEPUTY |
| VS. | § § | 197TH JUDICIAL DISTRICT |
| ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, and GARY SELIGMAN | § § § § | CAMERON COUNTY, TEXAS |

### DEFENDANTS' JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants, ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA and GARY SELIGMAN, and respectfully request that this case be tried in front of a jury and herewith tenders the $30.00 jury fee.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By:_____
LARRY J. GOLDMAN
State Bar No. 08093450

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure on this _____ day of _____, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

_____
LARRY J. GOLDMAN

2

LAW OFFICES OF

# ADAMI, GOLDMAN & SHUFFIELD

INCORPORATED

GRANT E. "TRES" ADAMI, III
LARRY J GOLDMAN
E. WAYNE SHUFFIELD
ROBERT F SCHEIHING
DOUGLAS E. PENNEBAKER
MARTIN J PHIPPS
R. SCOTT WESTLUND
THOMAS M. FURLOW

———
*BOARD CERTIFIED
  PERSONAL INJURY TRIAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION

NOWLIN BUILDING
9311 SAN PEDRO, SUITE 900
SAN ANTONIO. TEXAS 78216
TELEPHONE  (210) 344-0500
TELECOPY·  (210) 344-7228

August 12, 2003

WILLIAM N  ALLAN, IV
KEVIN S  BAKER
MICHELLE M. COPELAND
CURTIS P  COTE
JEANIE DRODDY CUPIT
DON W  DOYLE
CHRISTOPHER M. HARRELL
HUGH R. JONS, JR.
LEEANNA GAINER MASK
BRETT A. PRUIT
CARLOS E. SOLIS
REGINA B  TREVINO

———
WEBSITE  www.agslaw.com

***VIA OVERNIGHT MAIL***
United States District Clerk
Southern District of Texas
Brownsville Division
1158 Federal Building
600 E. Harrison Street
Brownsville, TX  78520

Re:   Cause No. _____; *Frank Carrales and Sandra Carrales v. Allstate Texas Lloyd's Company*, In the United States District Court, Southern District of Texas, Brownsville Division
Our File No. 23100.1107

Dear Sir or Madam:

Enclosed is the original and two copies of the following documents which I request you file:

1.   Civil Cover Sheet (JS-44)
2.   Supplement to JS-44 Civil Cover Sheet
3.   Defendant, Allstate Texas Lloyd's Notice of Removal of Action under 28 U.S.C. § 1441(a)
4.   Index of Matters Being Filed
5.   Counsel of Record
6.   Certificate of Service of Notice to Adverse Party of Removal to Federal Court
7.   Notice of Related Litigation and Affected Non-Parties
8.   Designation of Larry J. Goldman as Attorney in Charge
9.   Notice of Entities with a Financial Interest in this Litigation

Additionally, I request that you place your file stamp in the margin of the extra copies of the enclosed documents and return them to me in the envelope provided for your convenience.  I  have enclosed my firm check in the amount of $150.00 in payment of the filing fee. By copy of this letter forwarded by overnight mail, I am providing copies of these documents to Plaintiffs' counsel of record.

EXHIBIT
D

AUG 1 5 2003

RECEIVED

United States District Clerk
Southern District of Texas
Brownville Division
August 12, 2003
Page 2

_____

       Thank you for your many courtesies extended in this matter.

                     Very truly yours,

                     Douglas E. Pennebaker

LJG/DEP/fah
/ui/ljg/231001010/usclerk.ltr
cc:     Mr. Benigno (Trey) Martinez
        MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
        1201 E. Van Buren
        Brownsville, Texas 78520

        Mr. Gilbert M. Piette
        PEREZ & ASSOCIATES
        436 Paredes Line Road
        Brownsville, Texas 78523-3490

LAW OFFICES OF

# ADAMI, GOLDMAN & SHUFFIELD
INCORPORATED

GRANT E. "TRES" ADAMI, III
LARRY J. GOLDMAN ˒
E. WAYNE SHUFFIELD
ROBERT F. SCHEIHING
DOUGLAS E. PENNEBAKER
MARTIN J. PHIPPS
R. SCOTT WESTLUND
THOMAS M. FURLOW

˒BOARD CERTIFIED
  PERSONAL INJURY TRIAL LAW
  TEXAS BOARD OF LEGAL SPECIALIZATION

NOWLIN BUILDING
9311 SAN PEDRO, SUITE 900
SAN ANTONIO, TEXAS 78216
TELEPHONE· (210) 344-0500
TELECOPY· (210) 344-7228

August 12, 2003

WILLIAM N. ALLAN, IV
KEVIN S. BAKER
MICHELLE M. COPELAND
CURTIS P COTE
JEANIE DRODDY CUPIT
DON W. DOYLE
CHRISTOPHER M. HARRELL
HUGH R. JONS, JR.
LEEANNA GAINER MASK
BRETT A. PRUIT
CARLOS E. SOLIS
REGINA B. TREVINO

WEBSITE  www.agslaw.com

Ms. Aurora de la Garza
Cameron County District Clerk
974 East Harrison Street
Brownsville, Texas 78520

RE:     Cause No. 2003-01-295-C; Frank Carrales and Sandra Carrales v. Allstate Texas
        Lloyds Insurance, Tony Silva and Gary Seligman; In the 197ᵗʰ Judicial District
        Court of Cameron County, Texas.  Our File No. 23100.1107

Dear Ms. De La Garza:

        Enclosed is the original and one copy of Defendants' Notice to Adverse Party of Removal
to Federal Court which I request you file among the papers of the referenced cause.  Additionally, I
request that you place your file stamp in the margin
of the enclosed copy of this letter and return it to me in the envelope provided.

        By copy of this letter forwarded by overnight mail, I am providing a copy of this document
to Plaintiffs' counsel of record.

                                Very truly yours,

                                Douglas E. Pennebaker

DEP/fah
Enclosures
/h/ljg/231001107/clerk.ltr

JS-44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Frank Carrales and
Sandra Carrales

**DEFENDANTS** Allstate Texas Lloyds
Tony Silva and Gary Seligman

(b) County of Residence of First Listed Plaintiff  Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Benigno Martinez
Martinez, Barrera Y Martinez LLP
1201 E.VanBuren, Brownsville TX78520
956-546-7159

Attorneys (If Known)

Larry Goldman/Douglas Pennebaker
9311 San Pedro, Suite 900
San Antonio, TX 78215  (210)344-0500

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | Under Equal Access to |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 550 Civil Rights | Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION  (Cite the Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1441(a)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND  over $75,000.00
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE  197th District Ct
Cameron County

DOCKET NUMBER  2003-01-295-C

DATE  August 12, 2003

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

h:/ljg/231001107/suppjs44.cov
8/11/03/DEP/fah

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK CARRALES and SANDRA          §
CARRALES                           §
                                   §
VS.                                §          CASE NUMBER _____
                                   §                        JURY
ALLSTATE TEXAS LLOYD'S INSURANCE,  §
TONY SILVA and GARY SELIGMAN       §

**SUPPLEMENT TO JS 44 CIVIL COVER SHEET**

Was Jury Demand made in State Court?   __X__ Yes   ___ No

If "yes", by which party, and on what date?

Party: Defendants, Allstate Texas Lloyd's Company          Date:   February 12, 2003

**STYLE OF ORIGINAL PETITION**

(Please include all Plaintiffs, Defendants, and Intervenors still remaining in the case.  Also, please
list the attorney(s) of record for each party named, and include the attorney's firm name, mailing
address, and phone number, including the area code.)

Cause No. 2003-01-295-C; *Frank Carrales and Sandra Carrales v. Allstate Texas Lloyds
Insurance, Tony Silva and Gary Seligman*; In the 197th Judicial District Court of Cameron
County, Texas.

|              PARTY              |              ATTORNEY              |
|---------------------------------|------------------------------------|
| Plaintiffs:                     | Mr. Benigno (Trey) Martinez        |
| Frank Carrales and Sandra Carrales | MARTINEZ, BARRERA Y MARTINEZ, L.L.P. |
|                                 | 1201 E. Van Buren                  |
|                                 | Brownsville, Texas  78520          |
|                                 | Telephone:  (956) 546-7159         |
|                                 | Telecopier:  (956) 544-0602        |
|                                 |                                    |
|                                 | Mr. Gilbert M. Piette              |
|                                 | PEREZ & ASSOCIATES                 |
|                                 | 436 Paredes Line Road              |
|                                 | Brownsville, Texas  78523-3490     |
|                                 | Telephone:  (956) 504-5403         |
|                                 | Telecopier:  (956) 504-5991        |

Defendants                              Larry J. Goldman
Allstate Texas Lloyd's Company          "Attorney in Charge"
Tony Silva and Gary Seligman            Douglas E. Pennebaker
                                        Adami Goldman & Shuffield
                                        9311 San Pedro, Suite 900
                                        San Antonio, Texas  78216
                                        Telephone:    (210) 344-0500
                                        Telecopier:   (210) 344-7228

## COUNTERCLAIMS, CROSSCLAIMS AND/OR THIRD PARTY CLAIMS

(Please list separately each counterclaim, crossclaim, or third-party claim still remaining in the case, and designate the nature of each such claim.  For each counterclaim, crossclaim, or third-party claim, please include all Plaintiffs, Defendants, and Intervenors still remaining in the case.  Also, list the attorney(s) of record for each party named, and include the attorney's firm name, mailing address, and phone number, including the area code.)

**PARTY**                    **ATTORNEY**

None.

Dated this _12_ day of _Aug_, 2003.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas  78216
Telephone:  (210) 344-0500
Telecopier: (210) 344-7228

By:_____
    LARRY J. GOLDMAN
    "Attorney in Charge"
    Federal Bar No. 341
    State Bar No.  08093450
    DOUGLAS E. PENNEBAKER
    Federal Bar No. 23238
    State Bar No. 00788178

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

2

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this ___ day of August, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

h:/ljg/231001107/removal.not
8/6/03//DEP/fah

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FRANK CARRALES and SANDRA          §
CARRALES                           §
                                   §
VS.                                §          CASE NUMBER _____
                                   §                         JURY
ALLSTATE TEXAS LLOYD'S INSURANCE,  §
TONY SILVA and GARY SELIGMAN       §

### DEFENDANTS, ALLSTATE TEXAS LLOYD'S COMPANY, TONY SILVA and GARY SELIGMAN'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendants, ALLSTATE TEXAS LLOYD'S TONY SILVA and GARY SELIGMAN ("Defendants") hereby remove to this Court the state court action described below, and files this Notice of Removal under 28 U.S.C. § 1446(a):

### BACKGROUND

1.    Plaintiffs are Frank Carrales and Sandra Carrales; Defendant is Allstate Texas Lloyd's Insurance.

2.    On January 2, 2003, an action was commenced in the 197th Judicial District Court, Cameron County, Texas entitled Frank Carrales and Sandra Carrales v. Allstate Texas Lloyd Insurance, Tony Silva and Gary Seligman as Cause Number 2003-01-295-C. Defendant was served on or about February 4, 2003. However, Defendant files this Notice of Removal within thirty-days of learning of Tony Silva's fraudulent joinder. Specifically, Plaintiffs confirmed fraudulent joinder at their depositions on July 31, 2003. Copies of the required state court documents are attached as Exhibit "A."

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendants pursuant to provisions of 28 U.S.C. §1441(a) in that it is a civil action wherein the amount in controversy exceeds the sum

of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between parties of different states.

4.    Defendants are informed and believe that Plaintiffs, Frank Carrales and Sandra Carrales, were at the time of filing this lawsuit, and still are, citizens of the State of Texas and reside in Cameron County, Texas.  Defendant, Allstate Texas Lloyd's, was at the time of the filing of this action, and still is, considered a citizen of the State of Illinois as none of the members and/or underwriters of Allstate Texas Lloyd's reside in and/or are citizens of the State of Texas.  Gary Seligman resides in and/or is a citizen of the State of Florida.

## STANDARD

### Law applied to Facts

Plaintiffs' counsel filed a form petition which claims mold damages as a result of various unidentified water events.  Consequently, Plaintiffs asserted numerous causes of action including unfair discrimination, negligence, gross negligence, breach of contract, deceptive trade practice violations, insurance code violations, breach of the duty of good faith and fair dealing, fraud, and negligent misrepresentation.  The Petition appears to be a standard form petition purposely designed to defeat federal court jurisdiction.

It is noteworthy that the Petition makes a blanket to Defendants and *Defendants* throughout.  Plaintiffs do not allege any specific facts to support a contention that they were damaged as a result of Silva and Seligman's actions.  See Tex. Ins. Code Ann. Art. 2121 §16(a).

As evidence of Silva and Seligman's fraudulent joinder, please note the following:

➢ In an insurance context, the duty of good faith and fair dealing arises only when there is a contract giving rise to a "special relationship" *Natividad v. Alexis Inc.,* 875 S.W.2d 695, 698 (Tex. 1994).

2

➢ Plaintiffs have not offered any evidence that a "special relationship" existed between themselves and either Silva and/or Seligman.

➢ Plaintiffs have not offered any evidence that a contract existed between themselves and either Silva and/or Seligman.

➢ The allegations in Plaintiffs Petition make blanket references to the defendants collectively.

➢ Silva and/or Seligman only involvement was in the capacity of an insurance adjuster.

➢ Plaintiffs have not identified any particular misrepresentations by Messrs. Silva and/or Seligman which are causally connected to their alleged damages.

➢ In their recent depositions, Plaintiffs confirmed that they had no criticisms of either Mr. Silva or Mr. Seligman.

## TONY SILVA WAS FRAUDULENTLY JOINED

In an attempt to defeat diversity, Plaintiffs have joined adjuster Tony Silva as an individual Defendant. However, the presence of Silva as a Defendant is to be disregarded for removal purposes if the joinder was fraudulent. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (Fifth Cir. 1981). Whether a case has been properly removed despite the presence in a suit of a resident Defendant is determined by reference to the Plaintiffs' State Court pleadings. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (Fifth Cir. 1999); *Tedder v. FMC Corp.*, 590 F.2d 115, 116-17 (Fifth Cir. 1979). If there is no reasonable basis for predicting that state law might impose liability on the resident defendant under the facts alleged, then the claim is deemed fraudulent, and its presence will not prevent removal. *Tedder*, 590 F.2d at 117. The Court can consider affidavits and other evidentiary material in making such a prediction. *B., Inc.,* 663 F.2d at 549. The Court is obliged to resolve any contested issues of material fact and any ambiguity or uncertainty in the controlling state law in Plaintiffs' favor.

3

## BASIS FOR REMOVAL

5.      Removal is proper because there is complete diversity between the parties.  28 U.S.C. § 1332(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Plaintiffs are citizens of the State of Texas.  Defendant is not a citizen of the State of Texas, nor is it incorporated under the laws of Texas or maintain a principal place of business within Texas. Gary Seligman is a residence of Florida.  Accordingly, Defendant Allstate Texas Lloyd's is a citizen of Illinois.  The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), excluding interest, costs and attorneys fees.

6.      All pleadings, process, orders and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a).  *See* Exhibit "A."

7.      Venue is proper in this District under 28 U.S.C. § 1441(a) because this District and Division embrace the place where the removed action has been pending.

8.      Defendant will file promptly a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.

## JURY DEMAND

9.      Plaintiffs did demand a jury in the state court action.

4

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228


By:_____
    LARRY J. GOLDMAN
    "Attorney in Charge"
    Federal Bar No. 341
    State Bar No. 08093450
    DOUGLAS E. PENNEBAKER
    Federal Bar No. 23238
    State Bar No. 00788178

ATTORNEY FOR DEFENDANTS
ALLSTATE TEXAS LLOYD'S

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this _____ day of August, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490


_____
LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

NO. 3476    P. 3/10

CAUSE NO. 2003-01-296-C

FILED 4:00 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
JAN 2 2 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

| | | |
|---|---|---|
| FRANK CARRALES AND<br>SANDRA CARRALES | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| INSURANCE, TONY SILVA, | § | |
| and GARY SELIGMAN | § | |
| | § | |
| Defendants. | § | 197 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **FRANK CARRALES AND SANDRA CARRALES**, Plaintiffs herein, and file this their Original Petition against the above-named Defendants, and for cause of action would respectfully show the Court the following:

### I.

Pursuant to Rule 190, T.R.C.P., plaintiffs intend to conduct discovery under Level 3.

### II.

1.    Plaintiffs are residents of Cameron County, Texas.

2.    Defendant ALLSTATE TEXAS LLOYDS, is a Texas insurance corporation. Service of process upon ALLSTATE TEXAS LLOYDS may be accomplished by serving C.T. Corporation System at 350 N. St. Paul Street, Dallas, Texas 75201.

Claim # 820304 0913

3.  Defendant, Tony Silva, is an individual duly authorized to do business on behalf of ALLSTATE TEXAS LLOYDS in Texas. Service of process may be accomplished by serving him at , 1322 E. Harrison St., Harlingen, Texas.

4.  Defendant, GARY SELIGMAN, is duly authorized to do business in Texas. Service of process upon may be accomplished by serving him at 1500 City West, Suite 800, Houston, Texas 77042.

### III.

Venue as to this petition is proper in Cameron County, in that all or part of Plaintiffs causes of action accrued in such county and the property that is the subject of this suit is located in such county. This Honorable Court has jurisdiction of the case, and the Plaintiffs hereby invoke the unlimited monetary jurisdiction of this Court by filing the suit with the District Clerk according to state law and local rule.

### IV.

Suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Articles 21.21 and 21.55 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. In the alternative, this suit is brought for breach of contract and for recovery under a policy of insurance. Plaintiffs are consumers of the Defendant, in that they purchased insurance from said entities and/or service to be provided by them. Each Defendant is an individual, corporation, association, partnership, or other legal entity engaged in the business of insurance. Such Defendants constitute persons as that term is defined in Article 21.21, Section 2 of the Texas Insurance Code.

### V.

Defendant, ALLSTATE TEXAS LLOYDS, et al. , are Plaintiffs homeowner s insurance company. Plaintiffs own and/or reside in a dwelling at 8359 Business 83, Harlingen, Cameron County, Texas. Defendants provided coverage to the Plaintiffs for such dwelling, personal property, and other


Claim#820304 0913

matters under insurance policies described above. During the policy term of said policy, Plaintiffs sustained covered losses in the form of water leaks and discharges, and damages resulting there from, including, but not limited to damage to the architectural finishes of the home. Plaintiffs promptly reported same to Defendants pursuant to the terms of the insurance policy.

## VI.

The Plaintiffs discovered water damage, and resulting damages therefrom to their home and property. As a result, Plaintiffs' home and property sustained damage to the areas of the home including, but not limited to, the cost of destruction and restoration of the home necessary to access, remediate, repair the leaks, and restore the house. These constituted covered damages under Plaintiffs homeowner s insurance policy with the Defendant.

## VII.

The Carrier Defendant and their agents visited and inspected Plaintiffs' property at 8359 Business 83, Harlingen, Cameron County, Texas, in connection with the Plaintiffs' claim of property damage. Carrier Defendant knew or should have known that Plaintiffs had already sustained significant damage to the property requiring significant repairs as a result of a loss and peril covered by the insurance policies. They were also made aware of the need to perform repairs to the different leaks, which would result in covered tearing out and restoration of portions of the property covered. The Carrier Defendant knew that a substantial covered loss was owed. Nonetheless, they denied, delayed, or failed to pay or properly investigate some or all of Plaintiffs' covered claims with no reasonable basis. They have failed to act promptly or to conduct a good faith investigation. This delay and/or denial is in bad faith and a violation of Articles 21.21 and 21.55 of the Texas Insurance Code. Therefore, Plaintiffs file this bad faith claim.

Claim #8203040913

## VIII.

Despite the fact that all conditions precedent to Plaintiffs' recovery have been performed or have occurred, Defendants failed and refused to pay the Plaintiffs a just amount in accordance with their contractual obligations, agreements, and representations.

## IX.

Such denial, delay, refusal and/or failure to pay by the Carrier Defendant was in bad faith, and constitutes a breach of the covenant of good faith and fair dealing, which breach was a proximate cause of damages to the Plaintiffs more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiffs' claim for damage, and the Carrier Defendant and its agents named herein knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims.

The conduct of the Defendants was irresponsible, unconscionable, and they took advantage of the Plaintiffs' position to a grossly unfair degree. Furthermore, the conduct of the Defendants amount to one or more of the following:

(1) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Art. 21.21, Section 4(10)(a)(ii);

(2) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of 21.21, Section (4)(10)(a)(viii);

(3) failing to handle or process the Plaintiffs' claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau*, 754 S.W.2d 129 at 135 (Tex. 1988).

Claim#820304093

(4)     committing a course of conduct that is unconscionable;

(5)     omitting any information or making any false implication or impression that was either misleading of deceptive or have the capacity to be misleading or deceptive in violation of 21.21, Section 4(11);

(6)     refusing to pay a claim without a reasonable basis in violation of common law;

(7)     delaying payment of a claim without a reasonable basis in violation of common law;

(8)     denying and/or delaying payment of a claim without determining whether there is any reasonable basis to do so in violation of common law;

(9)     representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

(10)    representing that goods or services are of a particular standard, quality, grade, or that goods are of a particular style or model, if they are of another;

(11)    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(12)    failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(13)    violations of Art. 21.21 Tex. Ins. Code, including, but not limited to, Section 4, Subsections (11) and (10(a)(i), in that they misrepresented the terms of the policy; or

(14)    other violations of law.

Claim# 8203040913

## X.

The conduct of Carrier Defendant and the conduct alleged against the other Defendants constitute violations of Article 21.21, et seq. of the Texas Insurance Code. Such violations include, but are not limited to, violations of the rules and regulations lawfully adopted by the State Board of Insurance under Article 21.21 of the Texas Insurance Code, including unfair methods of competition and/or unfair or deceptive acts or practices in the business of insurance. In addition, the actions of the Defendant violate Article 21.21, Section 4 of the Texas Insurance Code. They also violate the Texas Insurance Code, specifically Section 16, in that they constitute practices defined by Section 17.46 of the TEXAS BUSINESS AND COMMERCE CODE, as amended, as unlawful deceptive trade practices. As to the Defendants, such conduct also constitutes bad faith claims handling. All statutory causes of action, including those arising under Art. 21.55 of the Insurance Code are here asserted against all Defendants.

## XI.

As a result of all such conduct, Plaintiffs have been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of the Carrier Defendant was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiffs, and others similarly situated. Such conduct of the Defendants was negligent. The conduct of one or more Defendants constituted misrepresentation of fact. The conduct of the Defendants proximately caused the injuries and damages to the Plaintiffs for which they herein sue. Plaintiffs seek all damages as allowed by law from the Defendants.

## XII.

Carrier Defendant has by its conduct breached their contract of insurance with the Plaintiffs. Such breach proximately caused damages to the Plaintiffs. In addition, Plaintiffs are entitled to recover attorney s fees in connection with their contractual causes of action. Defendants have made actionable fraudulent misrepresentations to Plaintiffs.

Claim#820304 0913

## XIII.

All of the conditions precedent to bringing this suit under the policy and to the Defendant s

liability to the Plaintiffs under the policy for the claims alleged have been performed or have occurred.

More than sixty days prior to the filing of this suit, written demand for payment and notice of complaint

pursuant to the Texas Deceptive Trade Practices Act and/or Texas Insurance Code, Article 21.21, et seq.,

were sent to each of the Defendant, or compliance with said notice is excused. All notices and proofs of

loss were timely and properly given in such manner as to fully comply with the terms and conditions of

the relevant insurance policies and applicable law. In the alternative, Plaintiffs allege that as to any such

terms, conditions, notices, or requirements, the Defendant waived them, the Defendant are stopped from

asserting them, and/or the plaintiffs substantially complied with them. Plaintiffs make the same

allegations of waiver or stopped as to every defense or exclusion pleaded by the Defendant and as to each

claim for breach of contract or statutory violation as to each Defendant.

## IX.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs herein request a jury trial

and along with the filing of the Original Petition, tendered to the Clerk of the Court the statutory jury fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial of this matter, the
Court grant:

1. Judgment against the Defendant, and each of them;
2. Actual damages;
3. Attorney s fees;
4. Costs of suit;
5. Statutory penalties;
6. Prejudgment and post judgment interest as allowed by law;
7. Any additional damages and punitive damages under the facts set forth in this or any
   amended pleading; and,
8. Such other and further relief to which Plaintiffs may show themselves entitled.



Claim# 890304 0913

Respectfully submitted,

MARTINEZ , BARRERA Y MARTINEZ, L.L.P.

By: _____

Benigno (Trey) Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
Telephone:    (956) 546-7159
Facsimile:    (956) 544-0602

_____

Gilbert M. Piette
State Bar No. 24007845
**PEREZ & ASSOCIATES**
436 Paredes Line Road
Brownsville, Texas 78523-3490
Telephone:    (956) 504-5403
Facsimile:    (956) 504-5991

*ATTORNEYS FOR PLAINTIFFS*

Claim # 8903040913

Citation for Personal Service  - GENERAL                    Lit. Seq. # 5.004.01

No. 2003-01-000295-C

T H E   S T A T E   O F   T E X A S

**COPY**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  I
you or your attorney do not file a written answer with the clerk who issued th
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may
taken against you.

TO: TONY SILVA
    1322 E. HARRISON ST.
    HARLINGEN, TEXAS

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 197th Judicial District of Cameron County, Texas at the Courthouse of sa
county in Brownsville, Texas.  Said _____ PETITION _____ was filed on
JANUARY 22, 2003 .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-01-000295-C.

The style of the case is:

FRANK CARRALES AND SANDRA CARRALES
VS.
ALLSTATE TEXAS LLOYDS INSURANCE, TONY SILVA, GARY

Said petition was filed in said court by _____ HON. BENIGNO (TREY)
(Attorney for _____ PLAINTIFF _____ ), whose address is
1201 E. VAN BUREN STREET BROWNSVILLE TX  78520

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according t
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 23rd day of JANUARY , A.D. 2003.

                              AURORA DE LA GARZA     , DISTRICT CLER
                              Cameron County, Texas
                              974 E. Harrison St.
                              Brownsville, Texas 78521
                              By _____ , Deput

Claim# 8203040913

20

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
## —BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
ENTERED

JUN 2 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| DENNIS SANCHEZ ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-236 |
| | § | |
| ALLSTATE INS. CO. ET AL., | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending is Plaintiffs' Motion to Remand, Request for Reimbursement of Attorney Fees, Cost[s], Expenses, Sanction[s], and Supporting Brief. Docket No. 7. For the reasons elaborated in Part II.A. of the Court's Memorandum and Order, Plaintiffs' Motion to Remand is hereby **GRANTED** and this action is **REMANDED** to the 404th Judicial District Court, Cameron County, Texas, in Cause No. 2002-07-2926-G. However, the Court, in the exercise of its discretion, declines to grant Plaintiffs' related request for fees, costs, expenses, and sanctions; the same is hereby **DENIED** for the reasons stated in Part II.B. of the Court's Memorandum and Order.

## I.    PROCEDURAL BACKGROUND

Plaintiffs, Dennis and Marianne Sanchez, originally filed this suit in state court on July 22, 2002. Docket No. 1 at Exhibit A. Plaintiffs named Allstate Insurance Company ("Allstate") and an affiliated adjustor, Gary Seligman ("Seligman"), as Defendants. Id. Allstate was served with process on July 29, 2002. Process was effected on Seligman on July 30, 2002.

On December 23, 2002, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a), 1446(b), alleging complete diversity of the proper parties. Docket No. 1. Plaintiffs subsequently requested remand to the state court on January 6, 2003, Docket No. 7. The parties have advanced arguments regarding the propriety or remand in multiple filings. Docket Nos. 9, 10, 12,


EXHIBIT
E

13.

## II.    DISCUSSION

As detailed elsewhere, see infra Part II.B., were it to reach the merits of Defendants'

fraudulent joinder claim, the Court would be inclined to retain jurisdiction of this matter. However,

because the Court finds that the Defendants have untimely filed their notice of removal and likewise

finds that the Plaintiffs have not waived said untimeliness, the Court is constrained to remand the

suit to state court.

### A.    Timeliness

Section 1446(b) of Title 28, United States Code, governs the timeliness of removal notices.

The provision is subdivided into two paragraphs, which provide that:

> [1]    The notice of removal of a civil action or proceeding shall be filed within
> thirty days after the receipt by the defendant, through service or otherwise, of a copy
> of the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.

> [2]    If the case stated by the initial pleading is not removable, a notice of removal
> may be filed within thirty days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper from
> which it may first be ascertained that the case is one which is or has become
> removable, except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after commencement of the
> action.

28 U.S.C. § 1446(b).

As there was an approximately five-month gap between Defendants' receipt of the initial

state-court pleading via service of process and their filing of a notice of removal, Defendants rely

on the second paragraph of § 1446(b). Docket No. 1. Defendants argue that Seligman has been

fraudulently joined to this suit and that the timeliness of their notice of removal depends on when

2

they might have first ascertained the fraudulent nature of Seligman's joinder.  Id.  Defendants maintain that they first became aware of the removability of this suit on November 27, 2002, when the Plaintiffs' depositions were taken.  Docket No. 7; see Docket No. 1 at Exhibits B, C (depositions of Marianne and Dennis Sanchez respectively).  A deposition transcript may satisfy the "other paper" requirement of the second paragraph of § 1446(b), S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996), and Defendants did file their notice of removal within thirty days of the date of Plaintiffs' depositions.  Docket No. 1.

The parties have focused all of their argument thus far on the propriety of Seligman's joinder.  See Docket Nos. 1, 7, 9, 10, 12, 13.  As detailed infra, Defendants have the better of this argument. However, in the process of attempting to bolster their argument, Defendants also have stated that, whatever the merits of their claims regarding fraudulent joinder, there is complete diversity because "Defendant, Gary Seligman, is also a citizen of Florida and has been a Florida citizen since 1961." Docket No. 13 at 2; see id. at Exhibit B (Seligman's affidavit).[1]  Plaintiffs have expressed dismay at this rather recent contention, but have offered nothing that contradicts it.[2]  See Docket No. 12 ("Plaintiffs find that it is disingenuous that Defendants now submit an Affidavit of an individual who

---

[1] Allstate was incorporated in Illinois and has its main place of business there as well.  See Docket No. 9 at Exhibit A ("Affidavit of Ingrid Bohlender"); see also 28 U.S.C. § 1332(c) (stating that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").  Therefore, Allstate's diversity from the Plaintiffs does not appear to be in dispute.  In their Motion to Remand, Plaintiffs did initially appear to contest Allstate's citizenship.  Docket No. 7.  However, the only evidence presently in the record on this point is Bohlender's affidavit.

[2] In the way of contrary evidence, Defendants have submitted two exhibits.  See Docket No. 12 at Exhibit A (correspondence from Seligman to Plaintiffs' attorney addressed from Houston, Texas); id. at Exhibit B (copy of service of process effected on Seligman at a Houston, Texas, address) However, mere presence in a state, even for an extended period of time, is insufficient to effect a change in a natural person's citizenship.  See Hardin v. McAvoy, 216 F.2d 399, 402-03 (5th Cir. 1955) (discussing citizenship of natural persons and specifying that presence must be conjoined with a present intention to make the new location one's home in order to effect a change of citizenship).

3

has worked and resided within the State of Texas for a significant period of time, fraudulently claiming that he is a permanent resident of Florida."); see also Docket No. 10 (same).

Defendants, however, may have proved too much with this allegation regarding Seligman's Florida citizenship. Although defense counsel has disavowed prior knowledge of Seligman's citizenship,[3] Seligman has presumably known his true citizenship from the inception of this suit in state court. See Keller v. Carr, 534 F. Supp. 100, 102 (W.D. Ark. 1981) ("Presumably, the defendant knew all along where his residence was, and as was pointed out above, he even advised the circuit court that his residence was in Missouri."). This being the case, this is a suit in which there were grounds for removing the action to federal court from the moment it was filed in state court (i.e., complete diversity inasmuch as Plaintiffs are citizens of Texas, Allstate is a citizen of Illinois, and Seligman is a citizen of Florida). This has the further effect of making the first paragraph of § 1446(b) the controlling provision, because the second paragraph expressly limits itself to those cases in which the initial pleading does not state a removable case. See 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable . . . ."); see also Johnson v. Heublein, Inc., 227 F.3d 236, 241 (5th Cir. 2000) ("This Circuit has held that the first paragraph of section 1446(b) applies to cases which are removable as initially filed, the second paragraph applies to those cases which are not removable originally but become removable at a later time . . . ."); New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998) ("The second paragraph applies only to civil actions in which the initial pleading states a case that is not removable.").

---

[3] At a pretrial conference held on May 21, 2003, the following exchange took place:

COURT:      How did you guys not know your guy is a Florida resident for thirty days?

MR. SOLIS:  We didn't. The only reason I brought it up is when I found out, I felt I had an obligation to tell the Court.

4

Given the procedural history of the case, there is no question that the Defendants have failed to comply with the first paragraph of § 1446(b). There is also no doubt that such failure generally bars removal. See Johnson, 227 F.3d at 241 ("It is undisputed that the present case was initially removable and that the Co-defendants did not file a notice of removal within thirty days of receiving the initial complaint. Consequently, Heublin and Canandaigua lost the right to remove the case upon the expiration of that thirty-day period."); see also Delaney v. Viking Freight, Inc., 41 F. Supp. 2d 672, 674 (E.D. Tex. 1999) (stating that "a failure to timely file a notice of removal is a defect that requires remand to state court"). Accordingly, unless some exception to this general rule is applicable, remand is appropriate because the Defendants untimely filed their notice of removal.

Waiver may constitute a basis for avoiding the aforesaid general rule, because the provisions of § 1446 are not jurisdictional. That is, although implementing the manner in which defendants invoke the removal jurisdiction of federal courts, failure to comply with the statute's terms does not result in a jurisdictional defect; parties may waive a defendant's failure to comply with the terms of § 1446(b). See Barnes v. Westinghouse Elec. Corp., 962 F.2d 513, 516 (5th Cir. 1992) (rejecting notion that statute is jurisdictional in nature and holding that "[t]he language of the statute . . . indicates that sections 1446(b) and 1447(c) are procedural provisions"), cert. denied, 506 U.S. 999 (1992). For example, even if a defendant fails to timely file a notice of removal, a plaintiff may waive this failure. See id. (quoting Nolan v. Boeing Co., 919 F.2d 1058, 1063 n.6 (5th Cir. 1990), cert. denied, 499 U.S. 962 (1991), for the proposition that "'[t]he time limitation for removal is not jurisdictional; it is merely modal and formal and may be waived'").

There is nothing in the record, however, that is indicative of waiver. As per 28 U.S.C. § 1447(c), Plaintiffs timely moved the Court for remand. Docket No. 7. Although they offered no

5

specific argument on the topic, Plaintiffs' Motion to Remand did specify that "Defendants filed [sic] to file their removal within the prescribed period of time as set out by law" as one of their grounds for remand. Id. In doing so, Plaintiffs expressly invoked 28 U.S.C. § 1446(b). Id. Plaintiffs have also continued to assert the untimeliness of Defendants' removal-related motions in subsequent filings, albeit without elaboration. See Docket No. 10 ("Defendants supplemental notice is untimely filed."); Docket No. 12 (same). Therefore, Defendants are procedurally barred from removing this case to a federal forum and the matter must be remanded to state court.

### B.    Fees, Costs, Expenses, and Sanctions

In conjunction with their Motion to Remand, Plaintiffs have filed a Request for Reimbursement of Attorney Fees, Cost[s], Expenses, and Sanction[s]. Docket No. 7. Section 1447(c) of Title 28, United States Code, vests the decision to render such an award within the sound discretion of the Court. See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.") (emphasis added); see also Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 291 (5th Cir. 2000) (holding that "the clear language of the statute makes such an award discretionary"). The Court declines to exercise its discretion on behalf of the Plaintiffs for two interrelated reasons.

Though Plaintiffs objected to Defendants' notice of removal as untimely in a general manner, they never identified the controlling statutory issue with any specificity whatever. Nor did the Plaintiffs offer any argument on this point. Moreover, but for the procedural defect that prevents the Court from reaching the merits of Defendants' contentions, there is little doubt that Defendants would prevail regarding the issue of fraudulent joinder. In Travis v. Irby, 326 F.3d 644 (5th Cir. 2003), the court of appeals opined that the fraudulent joinder standard is akin to that of FED. R. CIV.

6

P. 12(b)(6) ("failure to state a claim upon which relief can be granted"), with the caveat that, unlike a Rule 12(b)(6) motion, the Court is not limited to consideration of the complaint. Id. at 648-49. Accordingly, the removing party must demonstrate that the ostensibly fraudulently joined party has no possibility of recovery under state law. Were it not for the for the fact that the first paragraph of § 1446(b) governs the time for filing a notice of removal in this case, Defendants could readily demonstrate that Seligman is fraudulently joined to this suit.

Numerous cases resembling the one presently before this Court have been heard in federal district courts in Texas with varying results. See Blanchard, 206 F. Supp. 2d at 842 n.1 (collecting cases). Unlike the plaintiffs in Blanchard, present Plaintiffs have not averred specific factual conduct that might establish a cause of action against Defendant Seligman under Texas law. This failure would enable the Defendants to carry their burden and demonstrate that Defendant Seligman has been fraudulently joined to this suit.

In Blanchard, the plaintiffs alleged statutory causes of action against an insurance adjustor similar to those asserted by the instant Plaintiffs. See id. at 843-44 (listing sections of the DTPA and Article 21.21 of the Texas Insurance Code). The Blanchards' specific allegations regarding the adjustor were that he: "'represented the policy provided coverage for damage caused as a result of plumbing leaks'; obtained a 'result-oriented' engineer's report to assist State Farm Lloyds in denying plaintiffs' claim; 'disregarded all pertinent evidence relevant to why this damage was caused by plumbing leaks'; and 'failed to fully and properly investigate the Plaintiffs' claim.'" Id. at 843. Given these allegations, the district court held that the plaintiffs had no reasonable possibility of establishing a claim against the adjustor for misrepresentation of the policy's terms, as the latter had submitted "an undisputed affidavit stating that his role was limited to that of claim adjuster." Id. at

7

846. Nonetheless, the <u>Blanchard</u> court refused to retain jurisdiction on the basis of fraudulent joinder, because, as an adjustor, the defendant might be liable for violations of Section 4(10)(a)(ii) of Article 21.21 of the Texas Insurance Code if the plaintiffs' allegations that he "hired a biased engineering firm," "disregarded evidence," and "failed to conduct a full and fair investigation" panned out. <u>Id.</u> at 846-47.

Unlike the Blanchards' allegations, the instant Plaintiffs' Original Petition in state court and the summary judgment-type evidence clearly and convincingly demonstrate that the Plaintiffs cannot, based upon what has been presented to this Court, establish a cause of action under state law with regard to Defendant Seligman. The Plaintiffs' Original Petition does not aver any specific wrongdoing by Defendant Seligman. <u>See generally</u> <u>Docket No. 1</u> at Exhibit A. Apart from identifying Seligman as a Defendant in Paragraph 3, the Petition never again refers to Seligman by name. <u>See</u> <u>id.</u> Nor does it reference Seligman by other than his name with regard to any specific actionable conduct. <u>See</u> <u>id.</u> Indeed, the Petition does not recite any specific actionable conduct whatsoever, apart from making conclusory allegations regarding the Plaintiffs' causes of actions. <u>Id.</u> For example, the Petition avers that "they denied, delayed, or failed to fully pay or properly investigate some or all of Plaintiffs' covered claims with no reasonable basis. They have failed to act promptly or to conduct a good faith investigation." <u>Id.</u> However, it is not even clear from the Petition that "they" includes Seligman, as the paragraph in question opens by merely identifying the "they" employed in subsequent sentences as "the Carrier Defendant and their [sic] agents." <u>Id.</u> The Court can only guess as to whether Seligman is one of the "agents" in question regarding the allegations made in this paragraph of the Petition, and this particular paragraph is not atypical of the remainder of the Petition. <u>See generally</u> <u>id.</u> Indeed, it is not clear "that [Plaintiffs'] petition, which

8

mentions [Seligman] once . . . , then fails to state any specific actionable conduct on [his] part whatsoever, meets even the liberalized requirements that permit notice pleading." Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999).

The Defendants subsequently sought to clarify the nature of the complaint against Seligman via deposition of both Plaintiffs. In both depositions, neither Plaintiff testifies to any specific actionable conduct on the part of Seligman. See generally Docket No. 1 at Exhibits B, C (depositions of Marianne and Dennis Sanchez respectively). When asked, Marianne Sanchez disavows any knowledge and suggests that her husband would know such details. Id. at Exhibit B (pages 11-16). Dennis Sanchez never makes any specific allegations about Seligman and instead seems to conclude that if Allstate has done anything wrong in handling his claim, the adjustor, Seligman, must be to blame. Id. at Exhibit C (pages 75-76). When pressed on the issue, Mr. Sanchez responded by talking about the insurance company generally and its duties. Id. In short, having read the deposition testimony of the Plaintiffs, it is still not clear precisely what conduct by Seligman is thought to serve as the factual predicate for Plaintiffs' causes of action.

The only ostensible countervailing evidence that the Plaintiffs have offered the Court for its examination are a series of letters from Seligman to the Plaintiffs' attorney. Docket No. 12 at Exhibit A (series of letters spanning the period of January 2002 through June 2002). Plaintiffs originally submitted these letters as proof of Seligman's residency in Texas. See Docket No. 12 ("Plaintiffs attach all the correspondence as Exhibit "A" from or to Mr. Seligman proving that he, in fact either was domiciled, employed, and/or worked in the state of Texas for at least one year before he filed his affidavit claiming to be a permanent resident of the state of Florida."). The letters cover a variety of matters (e.g., payments made to Plaintiffs, remediation estimates, explanations as

9

to why the adjustment of Plaintiffs' claim was taking some time, Plaintiffs' duties under their homeowner's policy, specified denials of coverage for certain damages due to policy exclusions) Id. at Exhibit A. None of these documents establish anything that facially constitutes a specific actionable wrong.

Had this Court not found the removal to be untimely, Defendants' claim of fraudulent joinder would have been found to be meritorious. Defendants would prevail on the pending Motion to Remand, Docket No. 7, but for the untimeliness of their notice of removal under § 1446(b). The substantive merit of the Defendants' rationale for removal, in conjunction with Plaintiffs' failure to articulate the procedural obstacle that requires remand, leads the Court to believe that an award of costs, expenses, fees, or sanctions would be inappropriate in this case.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand, Docket No. 7, is hereby **GRANTED** and this action is **REMANDED** to the 404th Judicial District Court, Cameron County, Texas, in Cause No. 2002-07-2926-G. The Clerk is directed to take all steps necessary to effectuate this remand. However, the Court, in the exercise of its discretion, declines to grant Plaintiffs' their related request for fees, costs, expenses, and sanctions, Docket No. 7, and the same is hereby **DENIED**. Each party shall bear its own costs, expenses, and fees.

Signed in Brownsville, Texas, this 26th day of June, 2003.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FRANK CARRALES, AND | § | |
| SANDRA CARRALES | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CAUSE NO.: B-03-CV-144 |
| | § | |
| | § | |
| ALLSTATE TEXAS LLOYDS | § | |
| INSURANCE, TONY SILVA AND | § | |
| GARY SELIGMAN | § | |
| | | |
| Defendants. | | |

## AFFIDAVIT OF COSTS/TIME

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared

Benigno (Trey) Martinez, who, being by me duly sworn, on oath deposed and said that he is

the attorneys of record for Plaintiffs/Real Parties in Interest, that he is authorized to make this

affidavit on their behalf, and the facts stated therein are true and correct.

"Plaintiffs have incurred costs associated with the preparation and filing of this

response by way of postage of $6.03 and 301 copies in the amount of approximately $75.25

for a total amount of $81.28. Moreover, I spent approximately 3 hours reviewing case law,

prior cases, and the actual drafting of this motion to present before this Honorable court. My

hourly rate is $200.00. This, Plaintiff will have incurred are $600.00 in needless expense to

respond to Defendant's removal."



Further Affiant Sayeth Not

_____
Benigno (Trey) Martinez

SUBSCRIBED AND SWORN TO BEFORE ME on this _20th_ day of

January, 2003, to certify which witness my hand and official seal.

**SAN JUANITA LOPEZ**
Notary Public, State of Texas
My Commission Expires
January 14, 2006

_____
Notary Public In and For the State of Texas