h:/ljg/231001107/sever.abate.trial
9/30/03/DEP/fah

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 6 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FRANK CARRALES and SANDRA CARRALES § § § | |
| VS. § § | CASE NUMBER B-03-144 JURY |
| ALLSTATE TEXAS LLOYD'S INSURANCE, § TONY SILVA and GARY SELIGMAN § | |

## DEFENDANT'S OPPOSED MOTION FOR SEVERANCE AND ABATEMENT OR IN THE ALTERNATIVE MOTION FOR SEPARATE TRIALS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ALLSTATE TEXAS LLOYD'S COMPANY ("ALLSTATE"), Defendant in the above-styled and numbered cause, and files this Motion for Severance and Abatement and as grounds would show the Court the following:

I.

As the Court is aware, insurers in Texas have struggled with esoteric coverage issues surrounding mold and fungi. There has been an undeniable increase in public awareness regarding mold, and a dramatic increase in claims. As insurers have struggled with developing procedures for handling the increase in mold claims, Plaintiffs' counsel across the state have filed numerous lawsuits – exploiting the sudden hysteria regarding mold, even though mold has existed for millions of years, and despite the clear and unambiguous exclusion of mold, fungi and rot contained in the homeowners policy.

II.

This lawsuit alleges that Allstate did not promptly pay for mold and fungi remediation at the Plaintiff's residence, thereby breaching the insurance contract. This is disputed by Allstate. In

addition to breach of contract allegations, the Plaintiff also asserts various extra-contractual causes of action.

### III.

Defendant would show the Court that Plaintiffs' recovery in this case is dependent upon Plaintiffs proving a covered loss. The Plaintiffs allege breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act and violation of Article 21.21 of the Texas Insurance Code. All extra-contractual actions should be severed from the underlying cause because the resolution of the coverage issue will fix the rights and obligations of parties under the policy.

### IV.

This case focuses primarily upon a coverage and/or value dispute under an HO-B homeowners policy.

### V.

Defendant would show that by severing the extra-contractual causes of action, the Court would be doing justice in avoiding substantial prejudice against the Defendant, Allstate. Specifically, a jury ought to make the decision on coverage and breach of contract issues without hearing inflammatory evidence and remarks from Plaintiffs' counsel regarding claims handling, net worth, etc. The breach of contract case would be substantially shorter, involving simpler issues and more rapidly tried before a jury. Depending upon the results of the underlying cause of action, the other issues may be determined without the necessity of a complex trial if Plaintiffs still desire to pursue the other extra-contractual causes of action.

### VI.

In the alternative, Defendant respectfully requests that the Court order a separate trial of the Plaintiffs' extra-contractual insurance claims against Allstate to be conducted after trial of

Plaintiffs' insurance contract claims, and also to abate discovery relevant only to the extra-contractual claims until after the trial of the contract claims. This is an appropriate course of action pursuant to Rule 42(b) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, ALLSTATE, pray that its Motion for Severance be granted and that the causes of action for breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act and violation of Article 21.21 of the Texas Insurance Code as well as all other extra-contractual allegations be severed and placed in a separate file and that the contract case proceed with all extra-contractual causes of action being abated until the contract case is resolved by verdict or otherwise; In the alternative, Defendant prays that the Court order a separate trial of the Plaintiffs' extra-contractual insurance claims against Allstate to be conducted after trial of Plaintiffs' insurance contract claims, and also abates discovery relevant only to the extra-contractual claims until after the trial of the contract claims, and for such other and further relief to which Defendant is justly entitled.

Respectfully submitted,

ADAMI, GOLDMAN & SHUFFIELD
Nowlin Building
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

By: _____
LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No. 08093450
DOUGLAS E. PENNEBAKER
Federal Bar No. 23238
State Bar No. 00788178

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 3 day of Oct, 2003:

Mr. Benigno (Trey) Martinez
MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
1201 E. Van Buren
Brownsville, Texas 78520

Mr. Gilbert M. Piette
PEREZ & ASSOCIATES
436 Paredes Line Road
Brownsville, Texas 78523-3490

_____
LARRY J. GOLDMAN
DOUGLAS E. PENNEBAKER

4