IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 9 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FRANK CARRALES, AND § | |
| SANDRA CARRALES § | |
| § | |
| Plaintiffs, § | |
| VS. § | CAUSE NO.: B-03-CV-144 |
| § | |
| § | |
| ALLSTATE TEXAS LLOYDS § | |
| INSURANCE, TONY SILVA AND § | |
| GARY SELIGMAN § | |
| | |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SEVERANCE AND ABATEMENT, OR IN THE ALTERNATIVE, MOTION FOR SEPARATE TRIALS, SUBJECT TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

COMES NOW, Plaintiffs, Frank and Sandra Carrales, herein ("Plaintiffs"), and files this their Response to Defendant's Motion for Severance and Abatement, or in the alternative, Motion for Separate Trials, subject to their Motion to Remand, and in support of their response respectfully show unto the Court the following:

I.

First and foremost, as opposed to what the Defendants are representing to the Court the issue of coverage is not an issue at all and that will be dealt with at the appropriate time under the appropriate pleading. The issue in the present case comes down to a question of damages or scope of remediation and amounts to properly remediate Plaintiffs' property.

II.

Plaintiffs assert contractual and extra-contractual causes of action against the Defendants. However, the claims asserted are all based upon the same set of facts. Every claim by the Plaintiffs or action taken by the Defendants which give rise to the breach of contract and insurance claims, also give rise to the extra-contractual claims. The issues are so interwoven that they cannot be submitted independently to the jury without confusing the jury. *See Martin v. Heideman*, 106 F.3d 1308, 1311-1312 (6th Cir. 1997); *York v. AT&T*, 95 F.3d 948, 958 (10th Cir. 1996). Multiple trials will substantially duplicate the time and work in each case. *See American Fid. Fire Ins. Co. v. Construcciones Werl, Inc.*, 407 F. Supp. 164, 189-190 (D.V.I. 1975). Moreover, bifurcation will adversely affect judicial efficiency and strain judicial resources. *York*, 95 F.3d at 958.

Based upon the fact that the Defendants actions give rise to several claim, including, but not limited to contractual and extra-contractual damages, if the Court bifurcates the issues both juries will have to examine the same issue twice. *In re Rhone-Pou-lenc Rorer Inc*, 51 F.3d 1293, 1303 (7th Cir. 1995).

Finally, Alternative methods are available to address Defendant's concerns (e.g. special jury instructions or interrogatory verdict forms). *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1421 (4th Cir. 1991).

IV.

Hence, the claims are appropriately joined and should be tried together for the reasons described above.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court deny Defendant's Motion for Severance and Abatement or in the alternative Motion for Separate Trials and allow this case to be tried to one jury based on the same set of facts, subject to

Plaintiffs' Motion to Remand.

                                         Respectfully submitted,

                                         **MARTINEZ, BARRERA Y MARTINEZ, L.L.P.**
                                         1201 E. Van Buren
                                         Brownsville, Texas 78520
                                         Ph. (956) 546-7159
                                         Fax (956) 544-0602

                                         Benigno (Trey) Martinez
                                         State Bar No. 00797011
                                         Federal Bar. No. 23945

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

      I, BENIGNO (TREY) MARTINEZ, hereby certify that Larry Goldman is not in agreement with Plaintiffs' Response to Motion to Severance and Abatement.

                                         Benigno (Trey) Martinez

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to wit:

        Mr. Larry Goldman
        **ADAMI, GOLDMAN & SHUFFIELD**
        NOWLIN BUILDING
        9311 San Pedro, Suite 900
        San Antonio, Texas 78216

      by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 10th day of October, 2003.

                                                        Benigno (Trey) Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANK CARRALES, AND<br>SANDRA CARRALES<br><br>　　　　Plaintiffs,<br>VS.<br><br><br><br>ALLSTATE TEXAS LLOYDS<br>INSURANCE, TONY SILVA AND<br>GARY SELIGMAN<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO.: B-03-CV-144 |

### ORDER ON DEFENDANT'S MOTION TO SEVER AND ABATE OR IN THE ALTERNATIVE MOTION FOR SEPARATE TRIAL

On this the _____ day of _____, 2003, came on to be heard Defendant's Motion to Sever and Abate or in the alternative Motion for Separate Trials and the Court is of the opinion that both of Defendant's requests should be DENIED.

SIGNED this _____ day of _____, 2003.

_____
JUDGE PRESIDING