IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 2 2003

Michael N. Milby
Clerk of Court

| FRANK CARRALES and | § |   |
|---|---|---|
| SANDRA CARRALES | § |   |
| Plaintiffs, | § |   |
|   | § |   |
|   | § |   |
| V. | § | No. B-03-144 |
|   | § |   |
|   | § |   |
|   | § |   |
| ALLSTATE TEXAS "LLOYDS" | § |   |
| COMPANY, ET AL. | § |   |
| Defendants. | § |   |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(F)**
**FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION:

    COME NOW, **FRANK AND SANDRA CARRALES**, Plaintiffs in the above entitled and numbered cause, and subject to and without waiving relief previously requested of this Honorable Court, file this the Joint Discovery/Case Management Plan.

1.     STATE WHERE AND WHEN THE MEETING OF THE PARTIES REQUIRED BY RULE 26(F) WAS HELD AND IDENTIFY THE COUNSEL WHO ATTENDED FOR EACH PARTY.

       Plaintiffs' counsel attempted to contact Defendants' counsel, but to no avail.

2.     LIST THE CASES RELATED TO THIS ONE THAT ARE PENDING IN ANY STATE OR FEDERAL COURT WITH THE CASE NUMBER AND COURT.

       None that are mold related. However, Defendant Allstate has been a party to a class action which involves violations of the Fair Credit Reporting Act and Texas Insurance Code violations to which Plaintiffs may be a class member.

1

3. SPECIFY THE ALLEGATION OF FEDERAL JURISDICTION.

   Plaintiffs believe that there is no federal jurisdiction.

4. NAME THE PARTIES WHO DISAGREE AND THE REASONS.

   Plaintiffs and Defendants disagree as to whether federal jurisdiction applies. Plaintiffs have alleged causes of action based in negligence, Texas insurance code violations, Texas Deceptive Trade Practices Act violations, breach of contract, fraud, and others. None of these are based on Federal Questions. Moreover, there is not complete diversity among the parties. Defendants have alleged and removed this case on the fact that there is no cause of action against the adjuster.

5. LIST ANTICIPATED ADDITIONAL PARTIES THAT SHOULD BE INCLUDED, WHEN THEY CAN BE ADDED, AND BY WHOM THEY ARE WANTED.

   None that Plaintiff is aware of.

6. LIST ANTICIPATED INTERVENTIONS.

   None anticipated.

7. DESCRIBE CLASS-ACTION ISSUES.

   None involved in the instant case.

8. STATE WHETHER EACH PARTY REPRESENTS THAT IT HAS MADE THE INITIAL DISCLOSURES REQUIRED BY RULE 26(A). IF NOT, DESCRIBE THE ARRANGEMENTS THAT HAVE BEEN MADE TO COMPLETE THE DISCLOSURES.

   Plaintiffs and Defendants have engaged in significant amounts of discovery.

9. DESCRIBE THE PROPOSED AGREED DISCOVERY PLAN, INCLUDING:

   A. RESPONSES TO ALL THE MATTERS RAISED IN RULE 26(F)

      Plaintiffs and Defendants have already engaged in discovery and are currently in the process of setting up Defendants' depositions and then both parties respective experts.

   B. WHEN AND TO WHOM THE PLAINTIFF ANTICIPATES IT MAY SEND INTERROGATORIES.

    Plaintiffs and Defendants have already engaged in significant written discovery.

C. WHEN AND TO WHOM THE DEFENDANT ANTICIPATES IT MAY SEND INTERROGATORIES.

    Plaintiffs and Defendants have already sent interrogatories to each other.

D. OF WHOM AND BY WHEN THE PLAINTIFF ANTICIPATES TAKING ORAL DEPOSITIONS.

    Plaintiffs anticipate taking the oral depositions of the named Defendants as well as any expert the Defendants intend on producing at trial by the end of March 2004. However, Plaintiffs' counsel has not been in contact with Defendants' counsel regarding available dates.

E. OF WHOM AND BY WHEN THE DEFENDANT ANTICIPATES TAKING ORAL DEPOSITIONS.

    Plaintiffs are not aware of whom Defendants' counsel will be deposing.

F. WHEN THE PLAINTIFF (OR THE PARTY WITH THE BURDEN OF PROOF ON AN ISSUE) WILL BE ABLE TO DESIGNATE EXPERTS AND PROVIDE THE REPORTS REQUIRED BY RULE 26(A)(2)(B) AND WHEN THE OPPOSING PARTY WILL BE ABLE TO DESIGNATE RESPONSIVE EXPERTS AND PROVIDE THEIR REPORTS.

    Plaintiffs have already provided written expert reports to the Defendants. Defendants are still in the process of investigation and producing such experts and reports.

G. LIST EXPERTS DEPOSITIONS THE PLAINTIFF (OR THE PARTY WITH THE BURDEN OF PROOF ON AN ISSUE) ANTICIPATES TAKING AND THEIR ANTICIPATED COMPLETION DATE. *SEE* RULE 26(A)(2)(B) (EXPERT REPORT).

    Plaintiffs hope to complete expert depositions by March 2004.

H. LIST EXPERT DEPOSITIONS THE OPPOSING PARTY ANTICIPATES TAKING AND THEIR ANTICIPATED COMPLETION DATE. *SEE* RULE 26(A)(2)(B) (EXPERT REPORT).

    Plaintiffs are not aware of when Defendants would like to complete expert depositions.

10. THE PARTIES ARE NOT AGREED ON A PART OF THE DISCOVERY PLAN, DESCRIBE THE SEPARATE VIEWS AND PROPOSALS OF EACH PARTY.

    Plaintiffs' counsel has not been able to contact Defendants' counsel regarding discovery. However, significant discovery has already been completed.

11. SPECIFY THE DISCOVERY BEYOND INITIAL DISCLOSURES THAT HAS BEEN UNDERTAKEN TO DATE.

    Interrogatories, Requests For Production of Documents, Request for Admissions, and Request for Disclosures have been submitted and answered by both sides. However, there may be issues brought up to this Honorable Court regarding some answers and objections submitted by the Defendants if counsel cannot come to an agreement on such answers.

12. STATE THE DATE THE PLANNED DISCOVERY CAN REASONABLY BE COMPLETED.

    Plaintiffs' counsel has not been able to contact Defendants' counsel regarding discovery date completion.

13. DESCRIBE THE POSSIBILITIES FOR A PROMPT SETTLEMENT OR RESOLUTION OF THE CASE THAT WERE DISCUSSED IN YOUR RULE 26(F) MEETING.

    There was no rule Rule 26 meeting.

14. DESCRIBE WHAT EACH PARTY HAS DONE OR AGREED TO DO TO BRING ABOUT A PROMPT RESOLUTION.

    Each party agreed to mediate the case.

15. FROM THE ATTORNEYS' DISCUSSION WITH THE CLIENT, STATE THE ALTERNATIVE DISPUTE RESOLUTION TECHNIQUES THAT ARE REASONABLY SUITABLE AND STATE WHEN SUCH A TECHNIQUE MAY BE EFFECTIVELY USED IN THIS CASE.

    Mediation may be an effective ADR technique.

16. MAGISTRATE JUDGES MAY NOW HEAR JURY AND NON-JURY TRIALS. INDICATE THE PARTIES' JOINT POSITION ON A TRIAL BEFORE A MAGISTRATE JUDGE.

    Plaintiffs' counsel and Defendants' counsel have not spoken regarding this issue.

17. STATE WHETHER A JURY DEMAND HAS BEEN MADE AND IF IT WAS MADE ON TIME.

    A jury demand has been made contemporaneously with this Joint Discovery/Case Management Plan.

18. SPECIFY THE NUMBER OF HOURS IT WILL TAKE TO PRESENT THE EVIDENCE IN THIS CASE.

    Approximately 20 hours of record time for the Plaintiffs.

19. LIST PENDING MOTIONS THAT COULD BE RULED ON AT THE INITIAL PRETRIAL AND SCHEDULING CONFERENCE.

    None at this time other than Plaintiffs motion to remand.

20. LIST OTHER MOTIONS PENDING.

    Plaintiffs' motion to remand.

21. INDICATE OTHER MATTERS PECULIAR TO THIS CASE, INCLUDING DISCOVERY, THAT DESERVE THE SPECIAL ATTENTION OF THE COURT AT THE CONFERENCE.

    None at this time.

22. LIST THE NAMES, BAR NUMBERS, ADDRESSES AND TELEPHONE NUMBERS OF ALL COUNSEL.

    Mr. Benigno (Trey) Martinez
    1201 E. Van Buren
    Brownsville, Texas 78520
    Ph. 956-546-7159
    Bar Number: 00797011

    Mr. Larry Goldman
    **ADAMI, GOLDMAN & SHUFFIELD**
    NOWLIN BUILDING
    9311 San Pedro, Suite 900
    San Antonio, Texas 78216
    Ph. 210-344-0500
    Bar Number: 00788178

_____  _____
Benigno (Trey) Martinez           Date


_____  _____
Larry Goldman                          Date


### CERTIFICATE OF CONFERENCE

I, BENIGNO (TREY) MARTINEZ, hereby certify that I tried to reach Larry Goldman before Plaintiffs' Joint Case Management Plan. However, I was unable to reach him.

_____
Benigno (Trey) Martinez


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to wit:

Mr. Larry Goldman
**ADAMI, GOLDMAN & SHUFFIELD**
NOWLIN BUILDING
9311 San Pedro, Suite 900
San Antonio, Texas 78216

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 2nd day of December, 2003.

_____
Benigno (Trey) Martinez

6

h:/ljg/231001107/case.management
12/02/03/DBP/fah

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANK CARRALES and SANDRA CARRALES | § § § | |
| VS. | § § | CASE NUMBER B-03-144 |
| ALLSTATE TEXAS LLOYD'S INSURANCE, TONY SILVA and GARY SELIGMAN | § § § | JURY |

### DEFENDANTS' DISCOVERY/CASE MANAGEMENT PLAN

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   RESPONSE: Pursuant to Rule 26(f), counsel for all parties have communicated in writing in order to submit their "proposed" Joint Discovery/Case Management Plan, and communicated via conference on December 2, 2003 to discuss the scheduling order, possibilities of a prompt settlement and resolution. Due to scheduling conflicts the parties were unable to finalize a joint plan. Larry J. Goldman is lead counsel for the Defendant Allstate Insurance Company. Benigno Martinez and Gilbert Piette are counsel for the Plaintiffs. During the conference, Curtis P. Cote represented counsel for Defendant Allstate; Benigno Martinez represented the Plaintiffs. The parties anticipate filing a Joint plan by December 5, 2003.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   RESPONSE: This case was removed to this Court; the state court proceeding was Cause No. 2003-01-295-C; Frank Carrales and Sandra Carrales v. Allstate Texas Lloyds Insurance, Tony Silva and Gary Seligman; In the 197th Judicial District Court of Cameron County, Texas.

3. Briefly describe what this case is about.

   RESPONSE:

   Plaintiffs, Frank Carrales and Sandra Carrales, filed suit against Defendant asserting various contractual and extra-contractual causes of action based upon a Homeowners Form B insurance policy. Plaintiffs claim that various water leaks and/or plumbing leaks have caused damage to their home.

Defendant contends that Plaintiffs' claims are not covered under their homeowners policy, and/or dispute the cause and extent of damages claimed.

4. Specify the allegation of federal jurisdiction

   RESPONSE: Diversity.

5. Name the parties who disagree and the reasons.

   RESPONSE: the Plaintiffs do not agree with Federal jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   RESPONSE: None at this time.

7. List anticipated interventions.

   RESPONSE: None at this time.

8. Describe class-action issues.

   RESPONSE: Not applicable.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   RESPONSE: The parties agree to provide this information in accordance with the time requirements of Federal Rule of Civil Procedure 26, unless a different time is agreed to between the parties and subject to the terms outlined below.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    RESPONSE: The parties intend to propound written discovery and take depositions. The parties are unaware of any need for changes to the limitations on discovery provided by the Federal Rules.

2

B.  When and to whom the plaintiff anticipates it may send interrogatories.

RESPONSE: Plaintiffs sent interrogatories to Defendant on April 1, 2003.

C.  When and to whom the defendant anticipates it may send interrogatories.

RESPONSE: Defendant sent interrogatories to Plaintiffs on February 12, 2003.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

RESPONSE: Plaintiffs may take the oral depositions of Allstate's claims handlers and experts before the agreed upon discovery deadline.

E.  Of whom and by when the defendant anticipates taking oral depositions.

RESPONSE: Defendant took the deposition of Plaintiffs on July 31, 2003 and anticipates taking the oral depositions any experts designated by Plaintiffs, on or before the agreed upon discovery deadline.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

RESPONSE: Plaintiffs will be able to designate its experts on or before the 60th day prior to the agreed upon discovery deadline. If additional experts are designated by Defendant, Defendant agrees to designate such experts on or before the 30th day prior to the agreed upon discovery deadline.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

RESPONSE: Plaintiffs anticipate taking the oral depositions of Defendant's experts on or before the agreed upon discovery deadline.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

RESPONSE: Defendant anticipates taking the oral depositions of Plaintiffs' experts on or before the agreed upon discovery deadline.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

3

RESPONSE: The parties request a trial setting sometime in November or December, 2004.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

RESPONSE: Defendant propounded interrogatories, requests for production, and requests for disclosures to Plaintiffs on February 12, 2003.

13. State the date the planned discovery can reasonably be completed.

RESPONSE: Defendant would state that discovery could reasonably be completed by August of 2004.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

RESPONSE: The parties are agreeable to mediate this case prior to trial.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

RESPONSE: The parties are agreeable to mediate this case prior to trial.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case

RESPONSE: The parties would state that mediation is the agreed upon ADR technique, and should be used after initial discovery is completed and after depositions are taken.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

RESPONSE: The parties do not agree to trial before a magistrate.

18. State whether a jury demand has been made and if it was made on time.

RESPONSE: A jury demand has been made on time in this case.

19. Specify the number of hours it will take to present the evidence in this case.

4

RESPONSE: The parties anticipate the trial of this matter will take approximately 30-40 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    RESPONSE: None at this time.

21. List other motions pending.

    RESPONSE: None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    RESPONSE: None at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments

    RESPONSE: Defendant filed its Disclosure of Interested Parties on 8/12/03.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    RESPONSE:

    Plaintiffs:
    Mr. Benigno (Trey) Martinez
    State Bar No. 00797011
    MARTINEZ, BARRERA Y MARTINEZ, L.L.P.
    1201 E. Van Buren
    Brownsville, Texas 78520
    Telephone: (956) 546-7159
    Telecopier: (956) 544-0602

    Mr. Gilbert M. Piette
    State Bar No. 24007845
    PEREZ & ASSOCIATES
    436 Paredes Line Road
    Brownsville, Texas 78523-3490
    Telephone: (956) 504-5403
    Telecopier: (956) 504-5991

5

Defendant:
LARRY J. GOLDMAN
"Attorney in Charge"
Fed. I.D. No. 341
State Bar No. 08093450
Douglas E. Pennebaker
State Bar No. 00788178
Federal Bar No. 23238
ADAMI, GOLDMAN & SHUFFIELD, INC.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone: (210) 344-0500
Telecopier: (210) 344-7228

_____          _____ (w/ permission
Benigno Martinez                                      Larry J. Goldman                R. Scott Westlund)
Counsel for Plaintiffs                                Douglas E. Pennebaker
                                                      Counsel for Defendant

Date _____          Date _____

6